GEORGE LEHMAN & SONS COMPANY, IMPLEADED, ETC.,

v.

ARTHUR R. CLARK AND JOHNSON S. FINDLAY.

*Mechanic's Lien—Title—Resulting Trust—Sale.*

Upon a petition for a mechanic's lien this court holds that the labor and material of plaintiffs went into the building in question; that the person in whom was vested the title thereof, held the same in trust for the defendant company; that although no time was fixed for the completion of the work, the statute was satisfied by its being done within one year, and declines to interfere with a decree for the plaintiff.

[Opinion filed April 17, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. CHARLES J. BEATTIE, for appellants.

Messrs. MORRIS & GANSE, for appellees.

GARNETT, P. J.  The facts out of which this litigation grows, are, that David H. Keyes, being the owner of a parcel of ground with a frontage of fifty feet on Wabash avenue, in Chicago, on July 20, 1886, made a contract with appellees and the George Lehman & Sons Company, by which it was

agreed that Clark & Findlay should supply all labor and material necessary to complete the carpenter work for a building to be erected on the south 16⅔ feet of said premises, and should construct another building on the north 16⅔ feet thereof, and in consideration thereof Keyes agreed to convey the north 16⅔ feet to Clark & Findlay; also that said company should supply the labor and material necessary in doing the mason work for the building on the south 16⅔ feet, and should construct another building on the center 16⅔ feet of the premises, and in consideration thereof Keyes agreed to convey the center 16⅔ feet to the company. By another contract dated July 22, 1886, Clark & Findlay agreed with said company to furnish all the material and labor necessary for the carpenter work on the building to be erected on the said center 16⅔ feet, and the company agreed to pay them therefor $2,333. On the same day another contract was made by which the company agreed with Clark & Findlay to furnish the labor and materials for the mason work of the building to be erected on said north 16⅔ feet for the sum of $2,033.

To carry out the scheme thus initiated, it became necessary that the company should procure a loan of $6,500 on the premises which Keyes had agreed to convey to it. Accordingly application was made for the loan to E. S. Dreyer & Company by George Lehman, in behalf of the company, in which he was manifestly the controlling spirit.

Dreyer & Company declined to make a loan to the company, but suggested that the title should be placed in an individual, and that the latter should execute the papers for the loan. The stock of the company was owned by George Lehman and his family, one of the stockholders being his son, Hibbert J. Lehman. In pursuance of the suggestion made by Dreyer & Company, George Lehman arranged to have the title conveyed to his son Hibbert, and it was so conveyed on August 20, 1886, and the trust deed and notes to secure the loan were made by Hibbert. The latter paid no money then or at any time for the property. All the money secured by the loan was paid out from time to time, by the lender, for the purpose of paying for the building and completion of the

Lehman v. Clark.

house on the center 16⅔ feet. The other two buildings were also erected and completed in conformity to the contracts above set forth, and certain extra labor and materials were furnished by Clark & Findlay for the center house.

About July 1, 1887, an adjustment was made between Clark & Findlay and the company, and it was found that there was coming to Clark & Findlay $300 more for carpenter work and extras, on the center house, than was due to the company for mason work on the north house. Thereupon the company made and delivered to Clark & Findlay its note dated July 1, 1887, payable sixty days after date, for said $300 with interest at seven per cent per annum. Default was made in payment of this note, and appellees filed their petition in the Circuit Court to enforce a mechanic's lien against said center 16⅔ feet and the building thereon, for the amount of the note and interest. A decree having been entered as prayed for, an appeal was taken by the company, Hibbert J. Lehman and Phillip Lichtenstadt, the latter being the holder of a note secured by a trust deed to William G. Witherell, dated February 16, 1887.

There is not even plausibility in the contention that the evidence fails to prove that the labor and materials represented by the $300 note were put into the building in question. Clark testifies, in substance, that they were, and it is an undisputed fact that the settlement, which culminated in the execution of the note, was in relation to the north house and the center house, and as Clark & Findlay did no work for the company on any house except the center one, the balance found due must have been for labor and material furnished on that house. In the amended petition it was alleged that Hibbert J. Lehman held the legal title to the premises, as a trustee for the company. The defendants denied this in their answer and on the hearing before the master both George Lehman and Hibbert J. testified that the latter was the absolute owner and that the company had no interest therein. Whether one or the other was the owner, and whether Hibbert merely held the title in trust for the company, are questions of law that these witnesses can not be permitted to settle

by giving their opinion under oath, so as to affect the interest of third parties. Neither of the witnesses testified to any fact which has a tendency to shake the implication of law that there was a resulting trust in favor of the company. Hibbert paid no money or other valuable things for the premises; the entire consideration therefor was paid by the company by furnishing labor and material for Keyes' house, and it is a fair inference from the entire record that it was the intention of all the parties that Hibbert should take the title merely for convenience of the company, and in order to secure the loan. That a resulting trust arises, in such cases, in favor of the party from whom the consideration moves, is familiar law. 1 Perry on Trusts, Sec. 126.

No time was fixed for the completion of the carpenter work by Clark & Findlay, but as the contract was partly expressed in the terms of the written agreement, and the time of completion was left without any provision, the law raised an implied obligation on their part to complete the work within a reasonable time. Having finished it within a year the statute was satisfied, and their right to a lien became vested. Driver v. Ford, 90 Ill. 595.

By the terms of the decree the property is ordered to be sold subject to the liens of the trust deeds to Dreyer and Witherell, so that no ground of complaint remains for any of the parties interested in those incumbrances, nor can the company or Hibbert J. Lehman object to this feature of the decree, as their interests are in no wise affected thereby. The decree is affirmed.

*Decree affirmed.*