UTICA,<br>July, 1830.

La Farge<br>v.<br>Rickert.

---

LA FARGE vs. RICKERT.

Where a landlord distrained the goods of his tenant and then agreed to accept certain articles of property in payment of his rent, and agreed to leave the same in the possession of the tenant on his procuring a person to become bound to deliver the property by a certain day or pay a specified sum, and a surety was accordingly procured, such surety was held to be absolutely bound for the performance of the contract, and not entitled to be considered as a naked bailee.

Where a party contracts to deliver *portable* articles of property on or before a certain day, and no place is specified for the delivery, the *law* fixes the place of delivery; and *parol evidence* of an agreement at or about the time of the making of the contract, designating the place of delivery, is inadmissible.

ERROR from the Jefferson common pleas. La Farge, by his agent M'Nitt, on the 27th September, 1827, distrained certain property of C. Carpenter, his tenant, for rent. After the distress was made, the agent agreed to *buy* of Carpenter sufficient property, at the appraisal of a third person, to satisfy the rent; certain property was accordingly appraised, and the agent then agreed to leave the same in the possession of Carpenter, if the latter would procure the defendant to agree to deliver it or pay the amount, on the 1st February following. The defendant consented to do so, and signed a memorandum in writing in these words: " Received of J. H. M'-Nitt for John La Farge one pair of bulls $12, one *ditto* steers

$8, one heifer $3,50, eleven sheep $11, one mow wheat $15, one ditto rye, $11,10, one ditto oats $6,40, one ditto hay $9,63, all of which I promise to deliver to said John La Farge on or before the first day of February next, or pay said La Farge the sum of $76,63." On this instrument the plaintiff declared and sought to recover. The defendant proved that at the time of the *giving* of the instrument declared on, or immediately before or after it was given, the property specified in the same then being *on the premises of Carpenter*, it was agreed by the agent of the plaintiff that if previous to the 1st of February the defendant wished to deliver it to the plaintiff, the latter, on receiving notice, would attend at Carpenter's to receive it ; and that he, the defendant, on the 1st February, at the farm of Carpenter, made a *tender* of the property specified in the instrument to the plaintiff, who was not present, in satisfaction of his engagement ; that all the property specified in the instrument was there, except two sheep, (one of which had died and the other run away,) and excepting one third of the oats, four or five bushels of wheat and five or six hundred weight of hay. All the evidence relative to the transaction, except the mere making of the instrument, was objected to by the plaintiff, but received by the court. The jury, under the charge of the court, which also was objected to, found a verdict for the defendant, on which judgment was entered ; and the plaintiff sued out a writ of error.

*C. P. Kirkland,* for plaintiff in error. No *place* being specified in the instrument for the delivery of the property, it was the duty of the defendant to deliver it to the plaintiff at such place as he, on application for that purpose, should appoint. *Chipman on Contracts,* 24, 5. *2 Kent's Comm.* 398. *Co. Litt.* 210, *b.* Evidence, therefore, going to shew that at or immediately before the making of the instrument a *place* for delivery was agreed upon, was inadmissible, as its effect was to vary the legal construction of the instrument.

*S. Stevens,* for defendant in error. The property consisting of ponderous articles, the place of delivery was the place where it was received, under the circumstances of this case.

UTICA,
July, 1830.

La Farge
v.
Rickert.

16 *Johns. R.* 222. 8 *id.* 474. The evidence was admissible and proper to shew the nature of the agreement between the parties, 1 *Wendell,* 191, and the *tender* was a good and perfect defence to the action, at least for as much of the property as was offered to be delivered up. The defendant was a *naked bailee,* and liable only for gross neglect ; he was not answerable for the tortious acts of others, and there being no evidence of negligence, the verdict was right. 7 *Cowen,* 278. *Bacon's Abr. tit. Assumpsit,* G. *Powell on Contracts,* 248, 9. 2 *Ld. Raym.* 912, 915. 2 *Esp. N. P.* 245. *Wheat. Sel.* 304, *n.* 7. 1 *Esp. N. P. R.* 217. *Cowp.* 139, *n.* 2 *Comyn on Contracts,* 388, 9. *Comyn's Dig. tit. Action on the Case for Misfeasance, A.* 4. *Jones on Bailment,* 5, 11, 12, 17, 139, 140. If the plaintiff was entitled to recover for such of the property as was not tendered, the court will not for that cause reverse the judgment, on the same principle that under similar circumstances they would not grant a new trial, as the recovery on that account must necessarily be trifling and not sufficient to carry costs. 1 *Johns. C.* 255. 3 *Johns. R.* 239, 528. 5 *id.* 137. 6 *id.* 270. At all events, if the court should direct a venire *de novo,* the costs ought to abide the event of the suit.

*By the Court,* Sutherland, J. The court below erred in admitting that parol evidence which was given of an agreement between the parties, made at or before the execution of the written contract between them, as to the place at which the articles mentioned in the receipt of the defendant were to be delivered by him.

If the articles to be delivered by the defendant are to be considered of a *portable kind,* then, by the established legal construction of such a contract, he was bound to deliver them at the *residence* of the plaintiff. If they are *ponderous* articles, then the plaintiff had a right to appoint the place of delivery, and it was the business of the defendant to seek him before the day and ascertain the place. This is the rule laid down by Lord Coke, *Coke Litt.* 210, *b.* He says, "If the condition of a bond be to deliver 20 quarters of wheat or 20 loads of timber, the obligor is not bound to car-

ry the same about and seek the obligee ; but the obligor must go *before the day* to the obligee to know where he will appoint to receive it, and there it must be delivered." *Cro. Eliz.* 48. This rule has been repeatedly recognized in this court. It was expressly admitted to be the rule in *Slingerland* v. *Morse*, 8 *Johns. R.* 372 ; in *Barnes* v. *Graham*, 4 *Cowen*, 452 ; in *Lobdell* v. *Hopkins*, 5 *id.* 516 ; and in the very recent cases of *Lush* v. *Druse*, and *Goodwin* v. *Holbrook*, 4 *Wendell*, 313, 377.

Mr. *Chipman*, in his *Treatise on Contracts*, *p.* 25 to 29, considers this the established rule. He says, "If a note of hand be given for cattle, grain, or other *portable* articles, and no place of payment be designated in the note, the creditor's residence is the place of payment." This rule has its qualifications ; as where a note is payable *on demand* in the articles of his trade, by a merchant or manufacturer, the store of the merchant or the shop of the tradesman is the place where payment must be demanded and delivery may be made ; and a note payable in *farm produce* on demand, should be demanded and is payable at the farm of the debtor ; 4 *Wendell*, 379 ; 5 *Cowen*, 516 ; 2 *Kent's Comm.* 400 ; and the doctrine is also subject to another qualification, that the creditor cannot appoint an unreasonable place, and one so remote from the debtor that the expense of transportation might exceed the price of the articles.

The written contract of the parties therefore, according to the established rules of construction, having settled their rights and duties as to the place at which these articles were to be delivered, it was improper to admit parol evidence of their declarations before or at the time of the giving of the receipt, to shew that a different place had been agreed upon. The written contract was the only legal evidence of the intentions of the parties up to the time it was executed. All previous arrangements were merged in that. A written contract cannot be varied by parol ; and where the legal construction and effect of an instrument are well settled, it is varying the instrument to shew that the parties intended something else, as much as it would be to prove that the terms used were not in accordance with the previous agreement.

It follows also, from the foregoing observations, if they are correct, that the defendant below was not discharged by the tender or delivery of the articles at the farm of Carpenter; that was not the residence of the plaintiff, nor was it a place appointed by him for the delivery.

UTICA,
July, 1830.

The defendant in this case was in no sense a *naked bailee.* The property which he received belonged to the plaintiff, and his undertaking was absolute, either to deliver it on a specified day or pay a specified sum. There was a sufficient consideration for the promise. Where a person, in the character of bailee merely, undertakes to deliver goods or chattels *on demand,* he has a right to deliver them and discharge himself from the obligation wherever and whenever the demand is made, either at the place where the property is, or at his dwelling house or place of business. 2 *Kent's Comm.* 400. 1 *Conn. Rep.* 255. 5 *id.* 76. 16 *Mass. Rep.* 453. The case of *Slingerland* v. *Morse,* 8 *Johns. R.* 474, is considered by Chancellor Kent, 2 *Kent's Comm.* 400, as falling within this class of cases. It was also characterized by many circumstances which distinguish it from the case at bar.

The decision of these points disposes of the whole case without noticing the other particulars in which the decisions of the court below are complained of:

The judgment must be reversed, and a venire *de novo* awarded.