THOMAS DRIVER *et al.*

*v.*

J. WILKES FORD *et al.*

90  595
26a  401
90  595
28a  375
90  595
33a  36
90  595
45a  625
90  595
64a  428
90  595
185  179
90  595
106a ³ 46
90  595
110a ¹389

1. PAROL EVIDENCE—*as affecting written contract.* Parol evidence is not admissible to fix the time when a written contract is to be performed. A contract can not rest partly in writing and partly in parol.

2. CONTRACT—*time of performance, when not expressed.* Where no time is expressed in a written contract for the performance of its terms, the law will imply that it shall be within a reasonable time.

3. MECHANIC'S LIEN—*when no time is fixed for performance.* The statute gives a mechanic's lien under a contract which fails to express any time for performance, and is therefore to be performed within a reasonable time, if the work, etc., is completed within one year from the commencement of the same, and interest is allowable on the sum found due under the contract.

4. PRACTICE—*time to object for variance.* Where a bill or petition is dismissed upon the merits erroneously, the decree will not be sustained in this court merely on the ground of a variance between the petition and proofs. Such objection must be urged below so that it may be obviated by amendment.

5. AMENDMENT—*to obviate variance, allowable on hearing.* A petition for a mechanic's lien may be amended on the hearing to obviate a variance, and this without a continuance, unless it is made to appear that the opposite party is taken by surprise.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. E. H. & N. E. GARY, for the appellants Driver & Son.

Messrs. BOUTWELL & WATERMAN, for the appellants Seeberger and Breakey.

Mr. JOHN P. WILSON, for Martin Andrews.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Driver & Son filed their petition for a mechanic's lien in the court below, on the 17th of November, 1875, alleging therein that they entered into a written contract with Ford, Howard & Fox, owners in fee simple of real estate therein described, on the 26th of February, 1875, whereby they agreed to furnish certain building materials, to be used in the erection of certain buildings, at a certain price, to be paid at a day certain, and that in pursuance thereof the materials mentioned in the contract were duly furnished, and that extra materials of a given value were also furnished.

On the 13th of March, 1876, Anthony F. Seeberger and Benjamin Breakey filed an intervening petition, alleging that they entered into a contract with Ford, Howard & Fox, on the 4th of August, 1875, to furnish various articles of hardware to be used in the erection of the same buildings described in the petition of Driver & Son; that they commenced to deliver such hardware on the 4th of August, 1875, and continued to deliver the same to Ford, Howard & Fox, until October 30, 1875, at which time the sum of $758.52 was and is now due therefor, with interest thereon from October 30, 1875; that no particular amount of hardware or materials was specially contracted for, nor was the time of delivery thereof definitely fixed, but it was understood that petitioners should furnish such quantities of hardware, and of such kind and quality as petitioners might have for sale, and Ford, Howard & Fox might need in erecting said buildings, and might, from time to time, order; that the understanding between the

petitioners and Ford, Howard & Fox was that said buildings were to be completed by February 1, 1876; that all the hardware was to be furnished within that time at the usual market price, and to be paid for on delivery.

On the 14th of November, 1876, Driver & Son filed an amended petition in which they alleged that at the time the written agreement described in their original petition was made, it was verbally agreed by and between the parties that the work and materials mentioned in the written agreement were to be furnished on or before July 1, 1875; that the materials were not, in fact, furnished at the time fixed on account of the fault of Ford, Howard & Fox, and that the time was waived and the materials accepted by the owners when furnished.

Answers were filed by Ford, Howard & Fox, and by certain other parties claiming liens on the property as mortgagees.

The cause was referred to the master in chancery, who, upon the pleadings and proofs introduced before him, reported that Driver & Son were not entitled to a lien for the reason that no time was specified in the written contract within which the materials were to be furnished, and that Seeberger and Breakey were entitled to a lien for $815.40, at the date of the report. Exceptions to the master's report were filed both by Driver & Son and the defendants in the petition— the latter excepting only to the finding in favor of Seeberger and Breakey. The court overruled the exceptions of Driver & Son and allowed those of the defendants in the petition as to the finding in favor of Seeberger and Breakey, and decreed in favor of the defendants.

The written contract between Driver & Son and Ford, Howard & Fox contains this language: "The parties of the first part hereby agree to and do contract to furnish all the mill work for eight buildings, etc., * * * comprising all the finishing lumber, such as casings, bases, etc., etc., * * * and in consideration of the faithful performance of the foregoing contract, the said parties of the second part hereby agree

598      DRIVER *et al. v.* FORD *et al.*      [Sept. T.

Opinion of the Court.

to pay the said parties of the first part the sum of five thousand and three hundred dollars ($5300) in installments of 85 per cent of their monthly bills, and the remaining 15 per cent on completion and acceptance of their contract."   *   *   *

The doctrine is too well settled to require discussion, that parol evidence was inadmissible to fix the time when the contract was to be performed. A contract can not rest partly in writing and partly in parol. But it results, by legal implication, from the terms of the contract, that the performance is to be within a reasonable time. Where no time for performance is mentioned, this is the legal conclusion.

The question, therefore, is, does the fact that the contract was only to be performed within a reasonable time, preclude the enforcement of a mechanic's lien upon it.

This question is fully settled in the negative by *Clark et al.* v. *Manning et al., ante,* p. 380, and *Orr et al.* v. *Northwestern Mutual Life Insurance Co.* 86 Ill. 260.

In the first named of these cases, the contract was made in May, 1873, and fell under the law of 1861, in relation to mechanic's liens. No time was there mentioned in which the work was to be completed, and it was held, overruling previous cases in conflict with that construction, that under the act of 1861, a mechanic or material-man may have a lien for work done or materials furnished, provided the work is done or materials furnished within one year from the time of the commencement of the work or furnishing materials, although no time for the performance is mentioned in the terms of the contract.

The other case, like the present, arose under the Revised Statutes of 1874, and the objection urged to that contract was that no time was specified for the delivery of the materials. We held that the contract was either an implied contract or one partly expressed and partly implied, and that in either event it was not affected by the limitation of the statute.

In this case the time of performance of the contract is implied. The balance is expressed. It is, therefore, in the

language of the 1st section of the chapter on Liens, (Rev. Stat. 1874, p. 665,) partly expressed and partly implied, and so a lien is given, and, since the implied part of the contract is to be governed by that part of the statute relating to implied liens—*Orr et al.* v. *Northwestern Mut. Life Ins. Co. supra,*—it follows, that, under the 3d section, it is only necessary that the work shall be done or the materials be furnished within one year from the commencement of the work or the delivery of the materials, which the proof here shows was done. The court, therefore, erred in not sustaining the exceptions of Driver & Son to the master's report.

The contract between Seeberger and Breakey, and Ford, Howard & Fox was, in substance, that the former were to furnish the latter the hardware for finishing the buildings at their usual prices, to be delivered as they were required in the progress of the building, and that they were to be paid on the first of the month for the goods furnished in the previous month. They were all furnished between August 4 and October 30, 1875. This contract is clearly within the rule before referred to, and the court erred in allowing the exceptions to the master's report in regard to it; and interest was properly allowable upon the amount due. *Ditch, Admr.* v. *Vollhardt*, 82 Ill. 134.

The objection that there is a variance between the petition and the proofs can not be entertained. The ruling below was not based on that ground. Had the objection been urged below, the court would have allowed an amendment of the petition to correspond with the proofs, and this without even a continuance of the cause, unless it had been made to appear that it took the opposite party by surprise.

For the errors indicated the decree below is reversed and the cause remanded.

*Decree reversed.*