JACOB STONE *vs.* ELIJAH A. HARMON.

March 8, 1884.

Written Offer to sell Real Estate—How long open.—A certain written instrument, embracing a proposition or offer to sell real estate, wherein no time is expressed for its acceptance, construed to remain open for a reasonable time.

Same — Reasonable Time — Parol Evidence.—Upon the question as to what would constitute a reasonable time, parol evidence of material facts and circumstances, known to the parties at the time, is admissible, but parol evidence is inadmissible to vary the sense or construction to be legally implied from the writing itself.

Same—Parol Evidence as to Understanding or Intention of Parties. And where, by the judgment of the law, such written proposition or

offer is to be accepted within a reasonable time, parol evidence is not admissible to show that, at the time it was made, the parties understood or agreed that it was to remain open for any specified time, nor to prove their understanding as to what would be a reasonable time.

Appeal by defendant from an order of the district court for Hennepin county, *Koon,* J., presiding, refusing a new trial after verdict of $1,613.75, for plaintiff. The complaint alleged the making of the offer set forth in the opinion, a concurrent agreement that plaintiff might accept it at any time within a year, and an acceptance as stated in the opinion, and performance by plaintiff of all conditions precedent, as well as expenditures made by him for repairs and improvements on the faith of the offer, and believing the defendant's representation that he was the owner. The complaint further alleges a refusal by defendant to perform the alleged contract, and that plaintiff, still relying on defendant's representation that he was owner, brought suit, in May, 1882, against defendant for specific peformance, which action was dismissed at the trial, it appearing that the property belonged to defendant's wife, and had never belonged to him. The complaint charges that defendant's representation of ownership was made fraudulently, alleges damages in the sum of $5,000, besides special damages to the amount of $158.25, (the expenses of the former suit,) for which judgment is demanded.

*Woods & Hahn,* for appellant.

*Jackson & Pond,* for respondent.

VANDERBURGH, J. The plaintiff, in March, 1881, was occupying the premises in controversy, being a house and lot in Minneapolis, under a lease from the defendant, which would expire May 1st, following. Defendant was then in failing health and desirous of disposing of the property. Plaintiff was in business in the city, and at that time desired and applied for a renewal of the lease for another year, whereupon certain negotiations passed between the parties in reference to a sale of the premises, which defendant then desired and offered to make to plaintiff, which negotiations appear finally to have culminated in the written proposition set forth in the complaint. Plaintiff was ready to take a lease on the defendant's terms, but not ready to conclude a purchase, though he desired a refusal of the prop-

erty for the year; but defendant concluded to present his proposition in writing, in the form referred to, which is as follows:

"MINNEAPOLIS, March 22, 1881.

"*Jacob Stone, Jr.*—DEAR SIR: I will sell you the house No. 1312 Harmon place, now occupied by you, for the sum of $5,000, 5 years, 7 per cent. You can occupy the house on rental at $30 per month, for one year—May 1, 1881, to May 1, 1882, without repairs, unless property is sold before that time. In case of opportunity to sell, I will give you the refusal on above terms, and, in case you decline to purchase, will give you two months notice to vacate.

[Signed]                                    "E. A. HARMON."

Plaintiff occupied the premises under the new lease, and nothing further passed between the parties until March 4, 1882, when he addressed a written communication to defendant, then in Philadelphia, referring to the above proposition, and notifying him that he had decided to purchase on the terms therein stated, which defendant then refused to accede to. The market value of the property had increased $1,500 in the mean time, and defendant had gone east for his health, and does not appear to have received any offers for the same, nor to have kept it in market, though he had not notified plaintiff of his intention to withdraw it.

Upon the trial the plaintiff was permitted, against defendant's objection, to give evidence of the conversations between the parties at and prior to the time of the preparation and delivery of the writing, for the purpose of showing what their mutual understanding was in regard to the length of time the defendant's proposal was to remain open, and what construction the parties themselves placed upon the writing in this respect, and also as tending to show that, under the circumstances, plaintiff's acceptance was in a reasonable time. The court also instructed the jury, among other things, that they might consider the fact that the parties talked over the matter as to when plaintiff could accept, if at all, and what they considered a reasonable time, and refused to instruct them that plaintiff's acceptance was not within a reasonable time. Defendant's exceptions to the

rulings of the court in admitting this evidence, and to these instructions, present the questions to be considered here.

1. We think the court properly construed the writing in holding that by its terms the defendant's offer must have been accepted by plaintiff within a reasonable time. In addition to the privilege of purchasing, it gave him the privilege he had asked for, of a lease for another year; reserving, however, a general right to sell. And in respect to this a further stipulation was added, in plaintiff's interest, to the effect, as we construe it, that in case the defendant found another purchaser within the year, he would renew the offer to plaintiff, or give him the refusal of the property on the terms stated. He did not, however, bind himself by the writing to hold open the original offer to plaintiff, nor to keep the property in market; and, if not in market, the contingency upon which the privilege would be accorded to plaintiff to buy, after the original offer lapsed, which would be after a reasonable time, would not arise. The writing shows a present intention to sell; but this might change, as it · would be very likely to do, under a change of circumstances.

2. As in the case of other written instruments, parol evidence was admissible to show the situation of the parties, and the circumstances under which it was executed. But, in the light of such facts, the language of the contract is presumed to merge the expression of the intention and understanding of the party making it. This rule has been strictly and constantly adhered to in the decisions of this court. In *Cook* v. *Finch*, 19 Minn. 350, (407,) it was attempted to prove by parol that certain property was understood to be included in a contract for the sale of a stock of goods, though not within its terms, and the court says: "The effect of admitting the representations would be to permit plaintiffs, by parol evidence, to *add* something to the terms of the written contract in violation of a familiar rule to the contrary." So, in *City of Winona* v. *Thompson*, 24 Minn. 199, parol evidence to show the construction placed upon the contract there in question by the parties, in their negotiations and discussion concerning its terms, was held inadmissible. To the same effect is *Austin* v. *Wacks*, 30 Minn. 335.

Parol evidence may, however, be received to show that material

facts were orally communicated to the parties during the negotiations,. which are thus made part of "the circumstances." *Austin* v. *Wacks, supra*. This was the case in *Ellis* v. *Thompson,* 3 M. & W.. 445,. which is sometimes relied on as supporting the doctrine contended for by plaintiff here; and see 2 Whart. Ev. § 940 *et seq.* If the de-- fendant had named a definite time within which the offer was to be accepted, it would be assumed without question that such provision. could not be varied by evidence of any verbal understanding, or any contemporaneous construction placed on it by the parties. *Morrison* v. *Lovejoy,* 6 Minn. 224, (319.) And the rule also is that parol evi- dence is in like manner inadmissible to change the sense or construc- tion legally implied from the terms of a writing. *La Farge* v. *Rick- ert,* 5 Wend. 187; Abbott on Tr. Ev. 295; 1 Greenl. Ev. § 277. In *Creery* v. *Holly,* 14 Wend. 26, 30, in speaking of this subject, the court say: "If such is the judgment of the law upon the face of the instrument, parol evidence is as inadmissible to alter it as if the duty was stated in express terms. It was a part of the contract."

It is argued, however, with some show of plausibility, that the ob- ject of the evidence in question was not to vary or supplement the writing, but to show by the conversation of the parties what they understood or agreed to be a reasonable time, to be considered as a collateral fact or matter with other circumstances in ascertaining the· intention of the parties in reference to the time of acceptance. It was so ruled at *nisi prius* in *Cocker* v. *Franklin, etc., Co.,* 3 Sumner, 530, and in *Barringer* v. *Sneed,* 3 Stew. (Ala.) 201; and evidence of such character seems to be classed by the court with other collateral facts, properly admissible, in *Ely* v. *Adams,* 19 John. 313; but the question is not much discussed or considered in any of these cases. The same rule was also adopted in *Coates* v. *Sangston,* 5 Md. 121,. 131, and such evidence received and treated as in the nature of an admission by one of the parties of what he considered a reasonable· time. But as to this point see *Cook* v. *Finch, supra.* Following these· cases, it is laid down in some of the text-books that when a contract is to be performed in a reasonable time, as construed upon its face, "parol evidence of the situation of the parties and of their conversa- tions is admissible to determine their intention in respect to the time

of performance." 2 Story, Cont. (5th Ed.) § 1325. The question is casually referred to, but not considered, in *Roberts* v. *Mazeppa Mill Co.*, 30 Minn. 413. On the contrary, the general tenor of the decisions upon the question of the reception of parol proof to explain or supplement contracts, is adverse to the doctrine contended for, and we believe it unsound.

There is no foundation for the claim that the evidence does not in reality tend to change the written contract. Its object is to influence the construction of the writing by parol evidence of the language and conversation of the parties during the negotiations, so that its terms, which are presumed to be the sum of the negotiations, and the best evidence of what is intended, in so far as they are expressed or implied by language, are still subject to be limited or enlarged by language previously used. It must be presumed that, whatever may have been the opinions or expectations of the parties, and whatever statements may have been used by either party in reference to the subject, the defendant, being fully advised, finally shaped his offer so as to express his intentions and conclusions in the form and by the language adopted by him, subject to be construed in connection with the attending facts and circumstances, as in the case of other written instruments. If such evidence is admissible, the determination of a case might be largely influenced by evidence deduced from loose and conflicting statements, in defiance of the proper legal construction of a written contract. See *Stange* v. *Wilson*, 17 Mich. 342; *Simpson* v. *Henderson*, 1 Moody & M. 300; *Warren* v. *Wheeler*, 8 Met. 97, 100; *La Farge* v. *Rickert*, 5 Wend. 187. We think it would prove in practice a very unsafe rule to allow parol evidence in such cases on any of the grounds suggested, and that its practical effect and influence would be substantially the same as if offered directly to vary or supplement the writing, and hence likely to work serious injustice in any particular case. So much of the evidence, therefore, as embraced the conversation of the parties in relation to the time within which plaintiff might accept defendant's offer, was improperly received.

3. Apart from the evidence of their conversation, there was nothing in the situation of the parties or subject-matter, or the circumstances under which the negotiations were conducted, which would

warrant the assumption that it was intended by this writing to give the plaintiff the refusal of this property for as long a time as intervened before the acceptance by plaintiff; but nearly a year having elapsed, it was the province of the court to determine, as matter of law, that it was not tendered within a reasonable time.

Order reversed.