(4 Misc. Rep. 167.)

MOROWSKI et al. v. ROHRIG.

(Common Pleas of New York City and County, General Term.    June 5, 1893.)

1. EVIDENCE—COMPETENCY—ACTION ON BUILDING CONTRACT.
    In an action to foreclose a mechanic's lien for an alleged balance due on contract, where the complaint not only alleges the written contract, but also its full performance, it is error to allow plaintiffs to show, as their excuse of nonperformance, a breach by defendant of an alleged contemporaneous oral contract to deliver certain materials.

2. SAME.
    Where the complaint distinctly alleges the written contract, which is silent as to the time of performance, the law implies that it should be performed in a reasonable time, and evidence, even if admitted without objection and exception, of a contemporaneous oral agreement as to performance, cannot be considered to vary the construction to be legally implied from the writing itself.

3. SAME—CUSTOM.
    Evidence of custom is inadmissible, under such contract, to contravene its implied legal construction that the work was to be done and material furnished in a reasonable time.

4. REVIEW ON APPEAL.—FINDINGS OF FACT.
    Where such evidence forms the basis of findings of fact by the trial court, such findings are in reality findings of law, and are reviewable on appeal.

**5. WARRANTY—FURNISHING OF BUILDING MATERIALS.**
    A statement by defendant to plaintiffs that "there would be no delay in getting the material" was merely an expression of opinion, and a warranty that the materials would be supplied without any delay.

**6. PRACTICE.**
    Though the conclusion of law on which a judgment in plaintiffs' favor is based is not excepted to, but the findings of fact on which such conclusion rests are excepted to, and such findings are clearly erroneous under the pleadings, the basis for such conclusion having fallen, the conclusion goes with it.

On reargument. A judgment of the general term of the city court affirming a judgment in favor of plaintiff (21 N. Y. Supp. 1136) having been reversed on appeal, (22 N. Y. Supp. 1130,) a reargument was granted on plaintiffs' motion, (22 N. Y. Supp. 1133.) Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Simon Sultan, for appellant.
Gumbleton, Flanagan & Hottenroth, for respondents.

BOOKSTAVER, J. This action was brought to foreclose a mechanic's lien for an alleged balance due on contract, and also for extra work. The complaint alleged a written contract. There was no allegation of any other contract, nor any pretense that the written one did not contain the whole contract between the parties, nor did the plaintiffs at any time move to amend the pleadings to conform to the proof, or otherwise. Not only did the complaint allege the written contract, but it also claimed full performance of it. On the trial the plaintiffs were allowed to give evidence of their excuse of nonperformance under this allegation of full performance, and were also allowed to give evidence, as an excuse for such nonperformance, of a breach of an alleged oral contract not set up by the plaintiffs in any of their pleadings, yet forming the basis of the following findings of fact made by the justice who tried the case:

"(7) That the duty was imposed on the defendant, under said contract, to furnish to the plaintiffs said materials, proper in condition to the work required to be done by the plaintiffs, at proper periods of time, which would enable the plaintiffs to complete their contract and to do their work without interruption."

And:

"(13) That by reason of the failure of the defendant to furnish the plaintiffs with proper material at proper intervals, and in proper time, the plaintiffs were prevented by the defendant from completing their contract, and on or about the 5th day of December, 1891, the said contract was terminated by said defendant, who refused to permit the said plaintiffs to complete the same. That said plaintiffs were ready and willing to complete the work required to be done under said contract on said date, and that the said work was substantially performed."

Both of which findings were duly excepted to by the defendant, and these findings of facts raise a question of law for review on this appeal; for it has been held, where a finding of fact by a court or referee is without evidence to support it, it is a ruling

upon a question of law, and, if excepted to, presents a legal question reviewable upon appeal. Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. Rep. 482; Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. Rep. 254. And it makes no difference whether this finding is nominally a finding of fact or not. It is in reality a finding of law. So, too, where there is no legal evidence admissible under the pleadings, we think it is equally a question of law.

Conversations preceding the written contract were inadmissible under the pleadings, and, even if admitted without objection and exception, could not vary or add to the written contract. The complaint distinctly alleged the written contract as the only contract between the parties. Neither the complaint nor the evidence anywhere disclosed that the writing did not contain the whole contract between them, or that only a part of the contract was reduced to writing. There was therefore nothing in the case which could let in oral declarations as to what the contract was. Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. Rep. 297; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. Rep. 961; Case v. Bridge Co., 134 N. Y. 78, 31 N. E. Rep. 254. The question of the admissibility of conversations preceding a written contract is not merely a question of evidence. It is a question of contract. All negotiations, all conversations, preceding the written contract, are conclusively presumed to be merged in it; and whether given in evidence or not, under objection or without objection, they cannot control the written contract, except in the sole case of fraud or mistake. The evidence of the conversations, in this case, which preceded the writen contract, could not be considered at all, under any legal principle, whether there was a proper objection made to it or not. Tumbridge v. Read, (Sup.) 3 N. Y. Supp. 908; Wilson v. Deen, 74 N. Y. 531. The authorities are clear that where, as in this case, the written contract is silent as to the time of performance, the law implies that it should be performed in a reasonable time, and evidence of a contemporaneous oral agreement is inadmissible, and cannot be considered to vary the construction to be legally implied from the writing itself. Lumber Co. v. Mead, 42 Minn. 420, 44 N. W. Rep. 306; Stone v. Harmon, 31 Minn. 512, 19 N. W. Rep. 88; La Farge v. Rickert, 5 Wend. 187; Driver v. Ford, 90 Ill. 595; Abb. Tr. Ev. 295; Pope v. Manufacturing Co., 107 N. Y. 61, 13 N. E. Rep. 592. The conversation preceding the written contract being no legal evidence to show any different than a reasonable time for the performance of the contract on either side, there was no evidence of any duty imposed on the defendant by the contract which made him liable for breach of contract, if there was any interruption in the furnishing of the material, as found by the court below in the findings before referred to. Besides, we think these findings were entirely unsupported by the evidence given. The conversation preceding the written agreement, even if considered for what it was worth, in no manner justified the finding based thereon. The plaintiffs were told that the defendant did not personally furnish the material, and who his con-

tractor was that did, and where his place of business was. The defendant, in telling the plaintiffs "there would be no delay in getting the material," plainly referred to the fact that he had made a contract, and had given out the work, and it amounted to no more than a mere opinion that the work would progress without delay. Such a conversation, we think, cannot be reasonably construed to amount to a warranty that the materials would be supplied without any delay. In the first place, there was no consideration for making such a contract. None had been shown, either in any corresponding engagement on the part of the plaintiffs to do the work without delay, and regardless of the time of getting the material, or in anything which is equivalent to a consideration. Therefore, there was no mutuality of agreement shown. Consideration and mutuality are two essential elements of a contract, which were lacking in this case.

Evidence of custom or usage was inadmissible under the pleadings, and was inadmissible to contravene the legal construction implied from the written contract that the work was to be done, and material furnished, in a reasonable time; and the court, therefore, erred in allowing such evidence to be given under defendant's objection. Evidence of usage or custom is not admissible without an allegation in the pleadings of the existence of the custom. Moak's Van Santv. Pl. 563. Usage or custom cannot be proved to contravene a rule of law, or to vary the legal construction of a written instrument. Hopper v. Sage, 112 N. Y. 530, 20 N. E. Rep. 350; Collender v. Dinsmore, 55 N. Y. 200; Silberman v. Clark, 96 N. Y. 522; De Witt v. Berry, 134 U. S. 306, 10 Sup. Ct. Rep. 536.

The evidence of plaintiffs' excuse of nonperformance of the written contract was improperly admitted under the allegation of full performance in the complaint. That excuse consisted of the alleged breach of duty imposed by the contract on the defendant to furnish the material without delay and without interruption. Such evidence was not admissible, as before stated, not only on the ground previously stated, but also because the complaint set forth full performance, and no excuse for nonperformance. Elting v. Dayton, (Sup.) 17 N. Y. Supp. 849; Hosley v. Black, 28 N. Y. 438. And it is no answer to this that the court below did not give the plaintiffs any judgment for the balance claimed in the complaint under the contract. The findings before referred to plainly show that the excuse of nonperformance of the written contract was considered by the court below as one of the facts in the case justifying the final judgment rendered.

There was no legal evidence warranting the finding that there was any special agreement made on December 5, 1891, under which the $607.37 had to be disallowed as a payment on account of contract or extra work; nor was such finding within the case or issue made by the pleadings, and was excepted to. Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. Rep. 698; Rutty v. Jar Co., (Sup.) 6 N. Y. Supp. 23.

But respondent claims that the judgment cannot be reversed, as it was based upon a conclusion of law made by the trial justice, which was not excepted to by the defendant. But the findings on which such a conclusion of law was based were excepted to, and, as we have before shown, such findings were clearly erroneous, under the pleadings, and, the basis for such a finding of law having fallen, the finding goes with it. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant, to abide the event. All concur.