## KINGSLAND v. HAINES.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. COVENANTS—INCUMBRANCES—FALSE REPRESENTATIONS—PLEADING.

Defendant in an action for breach of a covenant against incumbrances set up a counterclaim in which he sought to recover damages by reason of an alleged misrepresentation that the property conveyed to defendant in exchange was fully rented to reputable and responsible parties, alleging that after defendant came into possession of the premises he ascertained that they were not fully rented as represented, and were not rented to reputable and responsible parties, but, on the contrary, were rented to persons not financially responsible. *Held* that, inasmuch as such allegation did not allege knowledge on the part of plaintiff's grantor, or any intent on his part to deceive, or that defendant acted in reliance on such representations, made prior to its execution, it was insufficient, and a demurrer thereto should have been sustained.

2. SAME—WRITTEN CONTRACT—PAROL EVIDENCE—CONSIDERATION.

Where a written contract for the exchange of land appears to be complete on its face, the trustee in an action for breach of covenant against incumbrances cannot ingraft on the agreement new terms and covenants by parol, under the guise of varying the consideration for the exchange.

Appeal from special term, New York county.

Action by Phineas C. Kingsland against Samuel B. Haines. From a judgment overruling plaintiff's demurrer to defendant's second separate defense and counterclaim, plaintiff appeals. Reversed.

The action is brought on an assigned cause of action, to recover taxes and water rates which were a lien upon the premises described in the complaint when the same were conveyed by defendant to plaintiff's assignor, Beverly Ward, and is based upon a covenant in the deed to the effect that the premises were free and clear of all incumbrances, except certain mortgages therein specified. The demurrer is upon the ground that the second separate defense and counterclaim contained in the answer "is insufficient in law

upon the face thereof." The part of the answer to which the demurrer is directed shows that the transfer of the premises by defendant to plaintiff was pursuant to an agreement in writing, which is set out in full, and by which plaintiff's assignor was at the same time to transfer to defendant the premises known as Nos. 215 and 217 West 34th street. It is then alleged: "(8) That the said Beverly Ward stated and represented to this defendant that the premises in West 34th street which he had agreed to exchange with this defendant for the premises in 104th street were fully rented, and were rented to responsible parties; and the assurances that said premises were fully rented to reputable and responsible persons was part of the consideration to the defendant for the exchange with said plaintiff of the premises owned by the defendant in 104th street. (9) That, after the defendant came into possession of the premises Nos. 215 and 217 West 34th street, he ascertained that said premises were not fully rented, as represented, and were not rented to reputable and responsible parties, but, on the contrary, to persons who were not financially responsible." It is further alleged that the damages sustained by defendant by loss of rentals amounted to $1,650, which loss occurred prior to the assignment by said Ward to plaintiff. The agreement pursuant to which the deeds were executed expressly provided for an apportionment of the rents, and that each party was to convey subject to "the leases to tenants in possession," and it contained no guaranty or representation on the part of either with reference to the tenants.

Argued before McLAUGHLIN, HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

George W. Glaze, for appellant.
John H. Thompson, Jr., for respondent.

LAUGHLIN, J. On demurrer these allegations of the answer are entitled to every legal intendment fairly embraced therein. The sole question for our consideration is whether they are sufficient to constitute a defense. Defendant has elected to retain the premises conveyed to him, thereby affirming the contract, and to counterclaim his damages in tort. This he may do, provided his pleading is sufficient. Krumm v. Beach, 96 N. Y. 398. It is necessary for a party seeking to recover or offset damages on this ground to allege and prove the making of false representations, with knowledge of their falsity, by which he was deceived, and upon which he relied, and in consequence of which he sustained damages. Arthur v. Griswold, 55 N. Y. 401–410; Oberlander v. Spiess, 45 N. Y. 175; Wakeman v. Dalley, 51 N. Y. 27, 10 Am. Rep. 551; Lefler v. Field, 52 N. Y. 621; Dubois v. Hermance, 56 N. Y. 673; Brackett v. Griswold, 112 N. Y. 454–467, 20 N. E. 376. In Brackett v. Griswold, 112 N. Y. 467, 20 N. E. 379, the court say:

"There is no doubt or question as to what elements are requisite to sustain an action for false pretenses. The essential constituents of such an action have been understood from the time such actions were first maintained. They are tersely stated by Church, C. J., in Arthur v. Griswold, supra, viz.: 'Representation, falsity, scienter, deception, and injury.' There must have been a false representation, known to be such, made by the defendant, calculated and intended to influence the plaintiff, and which came to his knowledge, and in reliance upon which he in good faith parted with property or incurred the obligation which occasions the injury of which he complains. All these circumstances must be found to exist, and the absence of any one of them is fatal to a recovery."

Judged by this rule, the defendant's counterclaim cannot be sustained. It does not allege scienter on the part of appellant's gran-

tor, or any intent to deceive, or a reliance on the representations by respondent in making the contract or accepting the deed. It does not even allege that the representations were made prior to the execution of the contract, and it is doubtful whether it is sufficiently alleged that they were false. The allegation is that after defendant came into possession of the premises, which, presumably, was some time subsequent to the execution of the contract, he "ascertained that the premises were not fully rented as represented, and were not rented to reputable and responsible parties, but, on the contrary, to persons who were not financially responsible." Nor is it alleged that defendant did not know the real facts at the time. If the representations were made after the execution of the contract, they would not constitute any part of the consideration for the contract which defendant was then obligated to fulfill. It is not alleged that the premises were not fully occupied by reputable and responsible persons at the time of the making of the contract. The representations, if made at that time, could not be construed into a guaranty that the premises would be so occupied at the time of delivering possession to defendant. It is not alleged that any representation was made as to the tenure of the tenants,—whether for a day, a week, a month, or a year, or other term. The theory of the respondent is that the answer is sufficient to constitute a defense on the ground that the representations with reference to the tenants constituted part of the consideration, and were fraudulently made. But, as has been seen, the allegations are insufficient to show that the defendant's signature to the agreement was induced by fraudulent representations. The written contract appears to be complete, and provides for all the details of an exchange of real estate of the respective parties. It deals with the subject of tenants, and provides for an apportionment of the rents. As we have seen, this part of the answer alleges that the exchange of properties was to be made pursuant to the written agreement therein quoted. The respondent cannot, under the guise of varying the consideration, ingraft into the agreement by parol new terms and covenants. Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548; Eighmie v. Taylor, 98 N. Y. 288; Seitz v. Machine Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837.

It follows that plaintiff's demurrer was improperly overruled, and the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to defendant to amend answer within 20 days upon payment of the costs of demurrer and of this appeal. All concur.