[No. 11194.  *En Banc.*   September 16, 1914.]

## SMITH SAND & GRAVEL COMPANY, *Appellant*, v. D. C. CORBIN, *Respondent.*[1]

APPEAL—REVIEW—NEW TRIAL—GROUNDS.    Where the court in granting a new trial orally stated the reasons therefor, but the formal order failed to state the grounds on which it was granted, the court will, on appeal, examine the whole record, and if it discloses any ground warranting the granting of a new trial, the order will be affirmed.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING—CONTRACTS—TIME FOR PERFORMANCE.    A written contract for the removal of rock at a stated price per cubic yard, but specifying no time for removal, thereby implying a reasonable time within which the work should be performed, cannot be varied by evidence of an oral agreement that such time would be allowed as would be required to crush and dispose of the rock by sale at a profit.

EVIDENCE — PAROL EVIDENCE — CONTRACTS — CONTEMPORANEOUS AGREEMENT.    Although a contract be considered incomplete so as to admit of parol evidence showing a contemporaneous agreement relating thereto, the evidence to be admissible must not be inconsistent with, or repugnant to, the plain intention of the parties as expressed or implied by the written contract.

CONTRACTS—BREACH—LOSS OF PROFITS—CONSTRUCTION.    In an action for damages for breach of a contract for the removal of rock from defendant's premises, under which plaintiff had the admitted right to do as it pleased with the rock removed, damages for loss of profits cannot be recovered without showing that defendant terminated the contract before a reasonable time for removal of the rock, not that the contract was terminated before a reasonable time for crushing and selling the rock at a profit.

EVIDENCE—PAROL EVIDENCE—CONTRACT—CONSIDERATION.    Where a contract for the removal of rock at a stated price per cubic yard specified no time for the removal of the rock, a reasonable time being implied for performance, evidence of a contemporaneous oral agreement that plaintiff would be allowed such time as would be required to crush and dispose of the rock by sale at a profit, is not admissible as showing an additional consideration for the contract, since proof of such consideration would vary or defeat the terms of the written contract.

[1]Reported in 142 Pac. 1163.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered January 2, 1913, granting a new trial, after a verdict for the plaintiff, in an action on contract. Affirmed.

*O. C. Moore,* for appellant.

*Allen & Allen,* for respondent.

ON REHEARING.

ELLIS, J.—The opinion of Department One on the first hearing of this case will be found in 75 Wash. 635, 135 Pac. 472. We restate the facts necessary to a discussion of what we now deem the decisive question. This is an action for damages for an alleged breach of contract. On July 29, 1909, by a contract in writing, the plaintiff agreed to remove all rock from the defendant's land in Spokane to a level of six inches below the grade of the adjoining street, and the defendant agreed to pay therefor at the rate of fifty cents a cubic yard. There was no express provision as to the time within which the work should be performed. There was no provision, either expressed or implied, as to what disposition the plaintiff should make of the rock when removed or as to whom it should belong. The complaint, so far as here material, set out two causes of action. The first merely demanded a balance of $3,188, claimed to be due for rock actually removed. The substance of the second was, that between October 3, 1910, and March 24, 1911, the defendant gave the plaintiff several notices in writing demanding a removal of its machinery and equipment from the land, the last of which contained a formal declaration that the contract had become null and void and was rescinded by the defendant for unreasonable delay and failure of performance by the plaintiff; that in March, 1911, defendant took possession of the land, prevented the plaintiff from removing the rock, and, over the plaintiff's protests, removed all of the rock himself. It is then alleged:

"That, in addition to the sum of fifty cents (50c) per cubic yard, which defendant, by the terms of said contract, stipulated to pay plaintiff for the removal of said rock which by oral understanding and agreement between the parties was to become, when excavated, the property of this plaintiff, plaintiff would have been able to sell and dispose of said thirteen thousand (13,000) yards of rock in a manner and at a price which would have enabled plaintiff to realize in connection with the amount agreed to be paid to plaintiff by defendant, the net sum of ninety-four (94c) cents per cubic yard for the removal of said rock over and above all expenses incurred in connection with the removal thereof, and plaintiff alleges that it was at all times willing, able and desirous of removing said rock and completing said contract according to the terms thereof, and that had it been permitted to do so, it would have derived a net profit of ninety-four cents (94c) per cubic yard on each and every cubic yard of rock remaining on said premises, making a total of twelve thousand two hundred and twenty ($12,220) dollars."

The defendant, by answer to the first count, admitted a balance due to plaintiff, including interest, amounting to $1,440. The answer to the second count is, in substance, a denial of any violation of the contract in giving the notices, taking possession, and preventing a further removal of rock by the plaintiff, and a "further answer and defense" to the effect that the plaintiff did not proceed with reasonable diligence and did not complete the removal of the rock within a reasonable time as contemplated by the terms of the contract and the law applicable thereto, by reason whereof the defendant had the right to, and did, by notice, terminate the contract and rightfully reenter. The jury found for the plaintiff in the sum of $5,013, without segregation of the amount found on each cause of action. Judgment was entered against the defendant. He moved for a new trial. From an order granting this motion, the plaintiff appealed.

The court, in ruling orally upon the motion, gave three reasons for granting a new trial: (1) that he had committed

error in his instructions to the jury touching the burden of proof; (2) that he had erred in permitting any testimony to be introduced on the second cause of action; (3) that in any event the verdict was against the evidence. The formal order, however, did not state the grounds. Even under our decision antedating this appeal, which was taken prior to the adoption of the rule to that effect, in *Rochester v. Seattle, Renton & Southern R. Co.,* 75 Wash. 559, 135 Pac. 209, we are at liberty to examine the whole record, and, if it discloses any ground warranting the granting of a new trial, the order appealed from must be affirmed.

Such an examination convinces us that the so-called second cause of action failed to state a cause of action. It pleaded an oral agreement, contemporaneous with the written agreement, and sought to put upon this oral agreement a construction which would vary the terms and legal effect of the writing. It is a rule of universal application that a written contract complete in itself, or in so far as it is complete in itself, cannot be contradicted, explained, enlarged, varied or controlled by extrinsic evidence of a different contemporaneous parol agreement. *Allen v. Farmers & Merchants Bank,* 76 Wash. 51, 135 Pac. 621. It is elementary that if a contract specifies no time, the law implies that it shall be performed within a reasonable time. 9 Cyc. 611. It is also well established that the legal effect of a written contract, though not stated in terms in the writing itself, but left to be implied by law, can no more be contradicted, changed or explained by extrinsic evidence, than if the legally implied effect had been expressed in the written terms.

"The legal effect of a written contract is as much within the protection of the rule which forbids the introduction of parol evidence as its language."

See, also, *Barry v. Ransom, Admr.,* 2 Kern. (N. Y.) 462; *LaFarge v. Rickert,* 5 Wend. (N. Y.) 187; *Creery v. Holly,* 14 Wend. (N. Y.) 26; *First National Bank of St. Charles v. Hunt,* 25 Mo. App. 170; *Thompson v. Ketcham,* 8 Johns.

(N. Y.) 190; *The Delaware*, 14 Wall. (U. S.) 579; 2 Parsons, Contracts (8th ed.), 551, 552 (star page); 17 Cyc. 570. The legal implication of a reasonable time to perform the thing or do the act expressly undertaken in a written contract which specified no time of performance, is as much within the protection of this rule as any other provision of the contract, whether expressed in terms or resulting in legal effect from the things expressed.

"The contract between these parties was in writing, but is silent as to the time when these frames and sash were to be furnished or delivered by the plaintiff. Upon the trial, parol evidence was admitted, over plaintiff's objection and exception, of a contemporaneous oral agreement that they were to be furnished and delivered as fast as needed in the construction of the building. Where a contract is silent as to the time of performance, the law implies that it was to be performed within a reasonable time; and, if the contract be in writing, parol evidence of an antecedent or contemporaneous oral agreement is inadmissible to vary the construction to be thus legally implied from the writing itself. *Stone v. Harmon*, 31 Minn. 512, 19 N. W. Rep. 88; *Driver v. Ford*, 90 Ill. 595. It was therefore error to admit parol evidence of a contemporaneous oral agreement to establish a time for delivery different from that which the law would imply from the writing itself." *Liljengren Furniture & Lumber Co. v. Mead*, 42 Minn. 420, 44 N. W. 306.

See, also, *Driver v. Ford*, 90 Ill. 595; *Self v. King*, 28 Tex. 552; *Stone v. Harmon*, 31 Minn. 512, 19 N. W. 88; *Blake Mfg. Co. v. Jaeger*, 81 Mo. App. 239; 2 Parsons, Contracts (8th ed.), 661 (star page).

Even if the contract be considered incomplete in that it did not provide what disposition the appellant should make of the rock, so as to admit parol evidence of a collateral contemporaneous agreement covering that matter, evidence of such an agreement, to be admissible, must not be inconsistent with, or repugnant to, the plain intention of the parties, as expressed in, or legally implied by, the written instrument. This is true even in cases where it is admitted that the whole

agreement of the parties was not reduced to writing. *Hutch-inson Mfg. Co. v. Pinch*, 107 Mich. 12, 64 N. W. 729, 66 N. W. 340; *Thomas v. Scutt*, 127 N. Y. 133, 27 N. E. 961; *Case v. Phoenix Bridge Co.*, 134 N. Y. 78, 31 N. E. 254; *Minnesota Thresher Mfg. Co. v. Grant City Lumber & Hard-ware Co.*, 81 Mo. App. 255; *Kelley v. Collier*, 11 Tex. Civ. App. 353, 32 S. W. 428.

In the case before us, the appellant, by its so-called second cause of action, did not merely seek to plead facts showing what was a reasonable time for the removal of all the rock from the respondent's land—the only thing which it had bound itself to do by the terms of the written contract—but sought to set up and substitute for such reasonable time, an oral agreement that the appellant should have such time as would be required to crush and dispose of the rock by sale at a profit as the agreed time for the removal of the rock. Such an agreement would change the whole tenor of the written contract. It would extend the time of performance beyond the legally implied reasonable time for the removal of all the rock to such time as the appellant might find nec-essary to crush the rock and sell it at a profit. This would contradict and change the whole scope and meaning of the written contract touching a stipulation upon which the writ-ing is clear and unambiguous. The written contract was not for a sale of rock, but for the removal of rock; hence no damages could be recovered for a loss of profits upon the rock without first showing that the respondent terminated the con-tract and reentered before the expiration of a reasonable time for the removal of all the rock; not before the expiration of a reasonable time for crushing and selling of all the rock at a profit. These two things are so widely different that a con-tract for the one is wholly inconsistent with an agreement for the other. The respondent gave notice to the appellant in March, 1911, almost two years after the contract was made. The evidence seems clear that a reasonable time had

elapsed for the removal of all of the rock. The president and manager of the appellant company admitted that the rock might have been removed by the employment of a reasonable number of men in a very much shorter time. He admitted that the only reason the rock was not removed was because there was no sale for it. The respondent does not deny that appellant had the right to do as it pleased with the rock removed, which is, in fact, the sum and substance of appellant's second cause of action. This was a matter wholly immaterial to any issue in the case, in the absence of pleading and proof that performance by removal of the rock was prevented by respondent before the expiration of the reasonable time necessary for that purpose. *Pope v. Terre Haute Car & Manufacturing Co.*, 107 N. Y. 61, 13 N. E. 592. No such allegation appears. No such proof was made. No sufficient basis was laid, either in allegation or proof, for the recovery of lost profits on sale of rock. An admission that the appellant might have the rock when removed is a very different thing from a guaranty on the part of respondent that appellant could sell the rock at a profit within a reasonable time for its removal, yet that, in effect, is the construction which the appellant seeks to put upon the only oral agreement pleaded. Evidence of the oral agreement so construed was clearly inadmissible.

The appellant invokes the familiar rule that an additional consideration to that mentioned in a written contract may be proved by parol evidence. Where, however, the effect of the added consideration sought to be proved would change or defeat the legal operation and effect of the written contract, or add new matter to a stipulation of the contract complete upon its face, such evidence is not admissible. It is not competent, under the guise of proving a consideration, to engraft upon the written agreement new terms and covenants by parol. 17 Cyc. 659; *Kingsland v. Haines*, 62 App. Div. 146, 70 N. Y. Supp. 873; *Adams v. Watkins*, 103 Mich. 431,

61 N. W. 774; *Feeney v. Howard,* 79 Cal. 525, 21 Pac. 984, 12 Am. St. 162, 4 L. R. A. 826; *Anderson v. Continental Ins. Co.,* 112 Ga. 532, 37 S. E. 766. It seems clear that the only tendency of evidence of such a contract as that sought to be established by parol would be to prove, as an additional consideration of the written contract, a contemporaneous parol contract contradicting the terms, enlarging the scope, and varying the purpose of the contract as written, not merely matter going to the consideration for the performance of the work contemplated or by the written contract, which is the full extent of the rule. *Wright v. Stewart,* 19 Wash. 179, 52 Pac. 1020.

The appellant mainly relies upon two cases: *Gleason v. United States,* 33 Court of Claims Rep. 65, and *Carrico v. Stevenson* (Tex.), 135 S. W. 260. Neither meets this case on the facts. In the *Gleason* case, the written contract for digging a canal provided that additional time for performance should be allowed if delay is caused "by freshets, ice or other force or violence of the elements" as in the judgment of the engineer in charge "shall be just and reasonable." The court held that there was no discretion left in the engineer except as to the amount of time to be allowed, and that must be just and reasonable; that the engineer's reports from month to month that delays were caused by freshets preventing a completion of the work within the time agreed upon, conceded the conditions which called for an extension, and this bound the government to extend the time; that the contract, having been annulled within such reasonable time of extension, an element of damage would be the value of the material which, *by the terms of the contract,* was to belong to the contractor. The written contract itself furnished the basis of recovery; its breach the occasion. The same thing is true of the *Carrico* case, which involved a contract to clear land, the timber, by the terms of the writing, to go to the contractor. Even in those cases, it was not held that a rea-

sonable time for performance depended upon the time it would take to prepare and sell the material and timber at a profit.

The order granting a new trial is affirmed.

ALL CONCUR.