[No. 13064. Department One. April 5, 1916.]

MARGUERITE ERFURTH, *Respondent*, v. FRANK ERFURTH,

*Appellant.*[1]

HUSBAND AND WIFE — COMMUNITY PROPERTY — CONVEYANCE BE-
TWEEN—GOOD FAITH—BURDEN OF PROOF—STATUTES. Rem. & Bal.
Code, § 5292, providing that, when any question arises as to the
good faith of any transaction between husband and wife, the bur-
den shall be upon the party asserting the good faith, has reference
only to creditors as holders of existing equities, and does not apply
in actions between husband and wife; since the same must be con-
strued as *in pari materia* with Id., § 8766, providing that every deed
from husband to wife shall operate to divest the real estate from
any and every claim or demand as community property, and vest
the same in the grantee as separate property; as the latter section
is particular in its terms, and the former general.

SAME—ACTIONS BETWEEN—CONVEYANCES — PRESUMPTION OF GOOD
FAITH—BURDEN OF PROOF. In an action by a wife to remove the
cloud of a community property claim filed by the husband, after
having quitclaimed the property to her, the deed being admitted,
the burden is upon the defendant to overcome the effect of the
deed, as the same is entitled to the presumption of good faith.

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—DEEDS — LIMITA-
TIONS—CONSIDERATION. A quitclaim deed from husband to wife, ab-
solute on its face, cannot be shown by parol to have been made in
consideration of an oral agreement that the grantee should hold
the premises as a home for the parties and make a will devising the
same to the grantor; since it would engraft upon the deed a reserva-
tion or limitation at variance with the grant, which cannot be done
by parol; nor under the guise of proving a consideration.

Appeal from a judgment of the superior court for Spokane
county, Sullivan, J., entered April 16, 1915, upon findings in
favor of the plaintiff, in an action to quiet title, after a trial
to the court. Affirmed.

*D. R. Glasgow*, for appellant.

*Edmond J. Farley*, for respondent.

[1]Reported in 156 Pac. 523.

ELLIS, J.—Action by a wife to remove the cloud cast upon her title to real estate by the filing of a claim of community interest therein by her husband. The parties intermarried August 10, 1911. While the husband held the property in question under contract at the time of the marriage, the evidence shows that it and the improvements thereon were paid for with community funds. On September 6, 1912, defendant executed and delivered to plaintiff a quitclaim deed of the property, which was thereafter recorded. For about two years, the parties occupied the property as husband and wife. In September, 1914, they became estranged and separated. The deed in question recites a consideration of one dollar and other valuable consideration, and is an ordinary quitclaim deed, absolute upon its face, and contains no reservation or limitation whatever. Shortly after the separation, the defendant, pursuant to the provisions of Rem. & Bal. Code, § 8772 (P. C. 95 § 59), filed a notice of claim of community interest in the property. Plaintiff, proceeding under Rem. & Bal. Code, § 8773 (P. C. 95 § 61), which declares that such notice shall be deemed a cloud upon the title, brought this action to remove the cloud, alleging, in substance, the foregoing facts. Defendant answered, admitting the execution of the deed, and seeking by cross-complaint to annul it upon the grounds, first, that, with design to defraud defendant, plaintiff stated that, if he would make the deed to her, she would make a will devising the premises in question to him; that she did make the will, but has repudiated it; that, as an inducement to the deed, she represented that it would not become operative until defendant's death; but that, about the first of August, 1914, she refused to live with him or to permit him to occupy the premises with her; that he executed the deed relying upon these promises and that the consideration has failed.

The plaintiff, by reply, admitted the execution of the deed, but traversed the other allegations of the answer. The deed was admitted in evidence, the filing of the notice of community

interest was admitted, and plaintiff rested. The court, being of the opinion that Rem. & Bal. Code, § 5292 (P. C. 95 § 3), does not cast upon the wife the burden of showing the good faith of transactions as between herself and husband, held that the evidence adduced was sufficient to put defendant to his proofs. Plaintiff thereupon challenged the sufficiency of the cross-complaint to admit of proof as against the deed absolute on its face, which challenge was denied. Defendant, over objection, introduced evidence tending to support the allegations of his cross-complaint in all particulars save the revocation of the will, concerning which there is no evidence. The court sustained a challenge to defendant's evidence and found that the property in question is the separate property of the plaintiff and that defendant has no right, title or interest therein. Decree went accordingly. Defendant appeals.

It is first asserted that the court erred in holding that the burden of proof was not upon respondent to establish the good faith of the transfer of the property. Appellant relies upon Rem. & Bal. Code, § 5292 (P. C. 95 § 3), which provides that, where any question arises as to the good faith of any transaction between husband and wife, the burden of proof shall be upon the party asserting the good faith. That section, however, must be construed in connection with Rem. & Bal. Code, § 8766 (P. C. 95 § 47), a statute in *pari materia*, which declares:

"A husband may give, grant, sell, or convey directly to his wife . . . his . . . community right, title, interest, or estate in all or any portion of their community real property. And every deed from husband to wife . . . shall operate to divest the real estate therein recited from any or every claim or demand as community property, and shall vest the same in the grantee as separate property. . . . Provided, however, that the conveyances or transfers hereby authorized shall not affect any existing equity in favor of creditors of the grantor at the time of such transfer, gift, or conveyance."

The first section, being general in terms, and the last, particular, we are clear that the first has no application where the controversy arises between husband and wife as to the effect of a deed from one to the other. In *Shorett v. Signor*, 58 Wash. 89, 107 Pac. 1033, we held that, under § 8766, above quoted, the legal effect of a deed from one member of the marital community to the other is to vest in such other an absolute title as separate property. The terms of the statute seem too clear to admit of any other construction. In *Smith v. Weed*, 75 Wash. 452, 134 Pac. 1070, we held that the good faith of such a conveyance is open to question only by creditors as holders of existing equities. Where a third party questions the good faith of such a conveyance, the burden of proof is upon the party asserting its good faith; but as between husband and wife, as in other cases, the deed is entitled to the same presumptions of good faith which are indulged in favor of other conveyances. The court committed no error in holding that the burden was upon the appellant in this instance.

It is next claimed that the court erred in sustaining respondent's challenge to the sufficiency of appellant's evidence. The cross-complaint, as we have seen, alleged, in substance, that the consideration for the deed was that respondent would hold the premises as a home for the parties and would make a will devising the property to appellant. We shall assume that the evidence, which was admitted over the respondent's objection, was sufficient to establish these claims. It was, however, inadmissible as against the express terms of the deed, which was absolute on its face. While it is competent to prove an additional or different consideration from that mentioned in a deed, this can never be done where the consideration which it is sought to prove would change or defeat the legal operation of the grant. The consideration here asserted would engraft upon the deed, absolute on its face, a reservation or limitation upon the estate granted through an oral agreement contradictory of, and at total variance with,

the language of the written instrument.    This may not be done.  *Hubenthal v. Spokane & Inland R. Co.*, 43 Wash. 677, 86 Pac. 955; *Smith Sand & Gravel Co. v. Corbin*, 81 Wash. 494, 142 Pac. 1163; *Union Machinery & Supply Co. v. Darnell*, 89 Wash. 226, 154 Pac. 183; 17 Cyc. 620.

"A condition is a qualification or restriction annexed to a conveyance, and so united with it in the deed as to qualify or restrain it.    It cannot, however, be created by parol if the deed is absolute in its terms."    2 Washburn, Real Property (5th ed.), p. 2.

Nor can this be done under the guise of proving a consideration.  *Kingsland v. Haines*, 62 App. Div. 146, 70 N. Y. Supp. 873; *Adams v. Watkins*, 103 Mich. 431, 61 N. W. 774; *Feeney v. Howard*, 79 Cal. 525, 21 Pac. 984, 12 Am. St. 162, 4 L. R. A. 826; *Anderson v. Continental Ins. Co.*, 112 Ga. 532, 37 S. E. 766; *Walter v. Dearing* (Tex. Civ. App.), 65 S. W. 380; *Kahn v. Kahn*, 94 Tex. 114, 58 S. W. 825; *Jackson v. Chicago, St. P. & K. C. R. Co.*, 54 Mo. App. 636.

The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.