B. M. CARPENTER, and others. v. H. B. HUFFSTELLER, Adm'r,
and others.

*Amendment of Pleadings—Evidence—Fraud—Impeaching
Decree.*

1. No amendment of pleadings is permitted, where the proof establishes
a case different from the one alleged in the complaint.
2. In an action to impeach the sale of land by an administrator upon the
ground of fraud, and an issue submitted as to defendants conspiring
to destroy competition among bidders, *it was held*, that the plaintiff
could not be allowed to offer in evidence the record of a homestead.
allotment and a deed from the administrator to show that the land was
sold subject to the same, or to show irregularity in the proceedings to
obtain license to sell, or the value of the land sold—the proof forming
no part of the alleged fraudulent conduct of the defendants.

CIVIL ACTION tried at Fall Term, 1881, of GASTON Supe-
rior Court, before *Avery, J.*

This action is brought to impeach a sale of lands made
by the defendant Huffsteller, as administrator of J. M.
Roberts, deceased, to his widow, and to have the order of
the probate court confirming the same set aside upon the
ground of fraud.

After setting out the death of said intestate in 1865, and
the appointment of the defendant as administrator, the
plaintiffs, who are creditors holding claims against him ma-
tured at the date of his death, allege that he died seized of the
land in question, containing 396 acres, subject to the dower
right of his widow, the defendant Lucinda R., who procured
the same to be allotted to her, covering 122 acres of the
tract; that the administrator then instituted proceedings
and obtained leave to sell the land for assets, and accord-
ingly did sell it, on the 20th day of April, 1869, when the
defendant Lucinda R. became the purchaser at the price of
$122.50, and made report thereof to said court, and the sale

was confirmed; that the land was then worth, even with the incumbrance of dower upon it, the sum of $1200, but that with a view to deter other persons from bidding, and to enable the widow to purchase at an under-value, the defendants conspired to have it understood that she was also entitled to homestead in the land, and the same was sold subject to that right and as if the homestead had been actually allotted to her, whereas they well knew that no such right existed, and no such allotment had been made.

The plaintiffs also allege that the defendant administrator has since settled his account with the probate judge, showing that all the assets which came to his hands had been exhausted, except the sum of thirty-five cents, and that if the sale of the land, thus fraudulently conducted, is to stand, they will be without the means of obtaining satisfaction for their demands against the estate.

They therefore ask that the order confirming the sale be vacated, and the sale itself declared void, and a new sale ordered, and that an account may be taken of the administration of the assets.

The defendants admit that the land was sold subject to both dower and homestead, but deny that it was fraudulently done. On the contrary they say that the widow was expressly advised by counsel that she was entitled to homestead, and that acting upon such advice she made due application for its allotment for herself and children, and the same was regularly made and recorded in the register's office of the county, and was so done at the time of the sale; and they aver that the sale was fairly conducted and the land brought a fair price under the circumstances.

When the cause was called for trial, the plaintiffs moved for a reference to take and state the account of the administration of the estate by the defendant, Huffsteller, which however was refused by the court. They then proposed to submit to the jury the following issues:

1. Was the defendant, Lucinda R. Roberts, entitled to homestead in the lands of her husband?

2. Was the assignment of homestead fraudulent and void as to the creditors of the estate?

These were objected to by the defendants because they did not arise upon the pleadings, and they tendered the following issue: Did the defendants, Huffsteller and Lucinda R. Roberts, fraudulently conspire to sell and buy said lands with the incumbrance of homestead upon it, and by so doing to throw a cloud upon the title and deter others from bidding, and thus enable the said Lucinda R. to purchase at an under-value?

To this issue the plaintiffs assented, and stated that they could not maintain the affirmative thereof, and therefore the jury might find it in favor of the defendants.

His Honor then said that he would reserve his decision as to the issues as proposed by the plaintiffs, until he heard the evidence and the decision upon them.

The plaintiffs then offered in evidence the record of the homestead allotment, and the deed from the administrator to the widow, to show that the land was sold subject to the homestead right of the latter, but this upon objection of the defendants was excluded by the court, as not being material to any issue raised by the pleadings.

They next offered to show that there was irregularity in the proceedings under which the administrator obtained leave to sell the lands of his intestate, but this was also excluded upon the same grounds.

They then offered to show the real value of the land sold, but were not permitted to do so, the court holding that the evidence could only be material to the issue tendered by the defendants, and which with the consent of the plaintiffs had been found for the defendants.

Upon the issue thus found, judgment was rendered for the defendants, and the plaintiffs appealed, assigning for

error the refusal of the court to grant them the reference asked for, and the exclusion of the testimony offered.

*Messrs. Bynum & Grier*, for plaintiffs.
*Messrs. Hoke & Hoke*, for defendants.

RUFFIN, J. It is with some reluctance that the court has concluded to affirm the judgment in this case; for though not entitled to be relieved to the extent to which they ask, or in the manner attempted in their complaint, we can see from the whole case that the plaintiffs have a right to some relief in the premises.

The sale by the administrator was expressly confined to the reversionary interest in the land, dependent upon both dower and homestead—the first embracing one-third of the tract, and the latter the whole. As to the demands of the plaintiffs (there being no other property to satisfy them) the allotment of the homestead was a nullity, and since the administrator's deed could convey no more than was actually sold, it is manifest that some portion of the estate, to wit, that part of the land which is outside of the dower and embraced in the homestead, remains yet undisposed of, and subject to the claims of creditors; and the only question is, whether, considering the state of their pleading, the court should have given them this relief in the present action.

This point is the only one which the counsel for the plaintiffs seriously urged before us: their argument being that the testimony offered, while at variance with the allegations of the complaint, still tended to show that the plaintiffs were entitled to relief against the defendants, and that the Code, in such cases, did not permit it to be altogether rejected, and judgment given against the party, as for the want of evidence, but required the court to admit the testimony, though variant, and then, by the allowance of proper amendments in the pleadings, to make the two consistent.

Conceding the liberality of the Code in the way of allowing amendments, we can discover no where in this record any request, coming from the plaintiffs, to be allowed to amend their complaint, and we could not think of holding it to be the duty of the court, unsolicited, to thrust this advantage upon a party, and that a failure to do so, on its part, would amount to an error in law.

But more than this, and considering the question as one of legal right on the part of the plaintiffs, we have upon further reflection come to the conclusion that the testimony was properly excluded, and the judgment in the court below in all respects correct.

Liberal towards amendments as the code-procedure may be, it fails to provide for a case like this of the plaintiffs, wherein the variance is, not so much between the pleadings and the proofs, as in the substance of the two causes of action themselves—the one as stated in the complaint, and the other as in fact existing.

The right to recover, as set out in the complaint, arises out of and depends upon the fraudulent practices of the defendants, and yet the plaintiffs would recover upon proof of a cause wholly freed of every contrivance, and of which the alleged fraudulent conduct of the defendants forms no part.

It is an instance, therefore, in which the allegations of the cause of action are unproved, not as to some particulars only, but as to its entire scope and meaning, and rightly falls under section 130 of the Code which forbids the allowance of any amendments in such cases.

For the court to hold otherwise, and permit a plaintiff to recover upon proof of a cause of action, not only differing from but wholly inconsistent with the one alleged in his complaint, would be to dispense with everything like notice to the defendants, and thus defeat the very object sought to be attained by requiring the parties to file their pleadings.

The rule that the *allegata et probata* must correspond, obtains under the Code, the same as under the old system, and it is as much incumbent upon a plaintiff to prove his case as alleged, as it ever was. The only observable difference between the old and the new system is, that the latter has introduced a new rule for determining what a variance is, and its consequences. A variance, so slight and unimportant that the adverse party cannot have been misled by it, is deemed immaterial, and the court will either order an amendment without terms, or will consider the pleading as if amended, and permit evidence to be given under it. And even in the case of a material variance, so substantial that the adverse party may have been misled by the averments, still, if the proofs have an apparent relation to and connection with the allegations, the court will allow of an amendment, though, upon terms. But where the proof establishes a case wholly different from the one alleged and inconsistent therewith, then no amendment is permitted, but the cause of action must fail. C. C. P., §§ 128, 129, 130, and Pomeroy on Rem., § 553.

The case of the plaintiffs falls clearly within the principle last stated, and as the only effect of the evidence offered could be to prove a case wholly at variance and inconsistent with the case stated in the pleadings, it was properly excluded by the court.

We are unable to perceive any disadvantage to which the plaintiffs were put, by reason of His Honor's refusal to order the account to be taken of the administration of the estate. The sole object of the action is to impeach the sale of the lands and to procure a resale for the payment of debts, and, as the defendants admit, that so far as assets had come to the hands of the administrator, they had been fully and rightly administered, the plaintiffs could need nothing more in this regard to enable them to prosecute their action.

No error.                                  Affirmed.