## NINMAN, Respondent, vs. SUHR, Appellant.

*October 25 — November 8, 1895.* ·

*Written contract: Parol evidence: Modification: Pleading.*

1. Parol evidence is inadmissible to show what was said at the time of and before the making of a written contract, for the purpose of varying its terms.
2. A party pleading and claiming under a written contract cannot show a modification thereof, subsequent to its execution, which was not pleaded.

APPEAL from a judgment of the county court of Dodge county: CHRIS. A. CHRISTIANSON, Judge. *Affirmed.*

The facts sufficiently appear in the opinion. There was a verdict for the plaintiff in the amount of $100, and from the · judgment thereon the defendant appealed.

For the appellant there was a brief by *Malone & Bachhuber,* and oral argument by *J. E. Malone.*

*George W. Sloan,* for the respondent.

MARSHALL, J. The complaint sets out a cause of action to recover $150 for certain personal property plaintiff alleges to have sold to defendant for that sum. The answer of defendant contains a general denial, and a counterclaim, so called, to the effect that a part of the personal property, sold for $50, was sold to be applied on a note held by defendant against the plaintiff, and had been so applied, and that plaintiff was indebted to defendant for damages for removing from leased premises before the expiration of his term, and for failing to work the premises in a workmanlike manner during the period of occupation.

A lease was introduced in evidence, under which plaintiff had occupied the premises mentioned in the answer, as defendant's tenant. Several questions were asked of defendant and the person who drew the lease in respect to conversa-

tions had between plaintiff and defendant in relation to the contract or lease at the time it was made, and previous thereto. Such questions, on objections made by plaintiff's counsel, were ruled out, to which rulings defendant's counsel excepted. The rulings of the trial court in that regard were correct. Parol evidence was not admissible to show what was said at the time of and before the making of the contract, for the purpose of varying its terms. This is elementary. Evidence was likewise properly ruled out tending to show a subsequent modification of the written contract, because no such modification was pleaded.

Several other errors are assigned, but a careful examination of the record fails to disclose any reversible error.

*By the Court.*— The judgment of the county court is affirmed.