The COMPUTING SCALE COMPANY, Respondent, vs. CHURCHILL, Appellant.

*February 6 — February 26, 1901.*

*Setoff: Corporations: Succession: Written contracts: Oral modification: Pleading.*

1. Where one corporation has purchased the business of another, a person who purchases goods belonging to the successor corporation cannot, in an action by it for the purchase price, set off damages arising from breach of a contract between him and the original corporation, in the absence of evidence that the plaintiff became a party to that contract by assignment or otherwise.

2. Where a party has pleaded a written contract and its performance, he is not entitled to introduce evidence of an oral modification thereof which was not pleaded.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

*Gerhard M. Dahl,* for the appellant.

For the respondent there was a brief by *Irving P. Lord* and *Edward E. Browne,* and oral argument by *Mr. Browne.*

CASSODAY, C. J.    This action was commenced January 17, 1900, by the plaintiff, an Ohio corporation located at Dayton, against the defendant and one Johnson, as copartners, to recover $432, as the balance of an account for scales sold and delivered to that firm at their special instance and request by the plaintiff between March 15, 1899, and March 25, 1899, as per itemized bill of particulars attached to the

complaint, purporting to be issued ·by the plaintiff from Dayton, Ohio, with one. shipment of March 15, 1899, to the amount of $150, and another of March 20, 1899, for $300, and a credit of $18. The answer of the defendant *Churchill* denied each and every allegation of the complaint, and alleged by way of a second defense and counterclaim that the purchase was made by the defendant individually from the Boston Computing Scale Company, a Massachusetts corporation, for $450, and that $18 had been paid thereon; that such purchase was so made by the defendant under a written contract for one year with the Boston company, dated November 1, 1898, purporting to give to Edward L. Churchill & Co. the general agency for the sale of the Boston computing scales in five states, therein named,— including Wisconsin,— containing, among other things, these provisions:

"Party of the first part agree that they will not, during the continuance of this contract, allot such territory to any other person or party, and will promptly stop any other agents or persons from selling scales to go into this territory upon being notified of such trespass. Party of the second part agree to purchase fifty scales a month for each and every calendar month until the expiration of this contract. Party of the second part further agree that failure to purchase this number of scales renders this contract null and void;"

— that Edward L. Churchill & Co., mentioned as party of the second part, was composed of the defendant alone; that he had fully performed on his part all the conditions precedent of the contract; that the Boston company had failed to perform, by allotting such territory and various parts thereof to other persons and parties before the expiration of the year, and had sold and disposed of its business to the plaintiff, and April 1, 1899, had refused longer to retain the defendant in its employ under the contract, and refused to sell to him scales as therein agreed, to his damage in the sum

of $2,000; that the plaintiff obtained the cause of action
alleged in the complaint by an assignment from the Boston
company; that the defendant's counterclaim accrued to him
by reason of such failure of the Boston company to perform
such written contract, and before the defendant had notice
of such assignment.

The plaintiff, by way of reply, denied each and every al-
legation of the counterclaim.   The action was discontinued
as against the defendant Johnson, and notice thereof served
and filed.

It is undisputed that the defendant had been agent for
the Boston company under a written contract which expired
on or about November 1, 1898; that about that time the
Boston company drew up and signed a written contract as
alleged in the answer; that the defendant did not sign that·
contract, and expressly refused to do so, November 14, 1898;
that the plant and property of the Boston company was sold
to this plaintiff January 30, 1899, and that the complete
transfer thereof took place on or before February 10, 1899;
that February 20, 1899, one Charles R. Luce, the former pres-
ident of the Boston company, wrote to the defendant to the
effect that that company had sold out its entire business to
this plaintiff, and that the transfer took·place a little over
two·weeks before that date, and advised him to make ar-
rangements with this plaintiff for an agency; that Febru-
ary 25, 1899, the defendant received notice that the plaintiff
had bought out the Boston company; that the scales pur-
chased by the defendant were actually the property of this
plaintiff, and that the Boston company had ceased to have
any interest in them for more than a month and a half prior
to the time when they were shipped to the defendant; that,
upon the sale and transfer from the Boston company to this
plaintiff being made, Charles R. Luce, who had formerly
been the president of the Boston company, was immediately
employed by the plaintiff herein upon a salary to continue

for a time the business of the plaintiff herein at Boston; and that he acted as such agent in the communications between him and the defendant in respect to such business during the months of February and March, 1899.

At the close of the trial, the jury, by direction of the court, returned a verdict in favor of the plaintiff for $455.40 damages, and from the judgment entered thereon, with costs, the defendant brings this appeal.

It is undisputed that the scales in question were the property of the plaintiff at the time they were ordered by and shipped to the defendant. It is undisputed that he was to pay the price alleged in the complaint, and that he never paid any part of such price, except as therein admitted. The only attempt to escape liability for the balance of such purchase price is by reason of the facts alleged in the defendant's counterclaim. That counterclaim is based upon the breach of an alleged contract between the defendant and the Boston corporation. There is no evidence tending to prove that the plaintiff was or became a party to any such contract by assignment or otherwise. A counterclaim "must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the " causes of action mentioned in the statute. Sec. 2656, Stats. 1898; *Lawrence v. Vilas*, 20 Wis. 381; *Schumacher v. Seeger*, 65 Wis. 394; *Blakely v. Twining*, 69 Wis. 238. It does not appear that the defendant ever had any dealing with the plaintiff other than the purchase of the scales in question, and there is no evidence that he ever had any claim or counterclaim against the plaintiff. True, as indicated in the adjudications cited, a setoff may be properly pleaded as a counterclaim; but the evidence fails to show that the defendant has any setoff against the claim of the plaintiff. It is admitted that the defendant never signed the contract set forth in his answer, but, on the contrary, expressly refused to sign it November

14, 1898. The only way the defendant claims to have become a party to such contract is that in a conversation with the president of the Boston company, December 12, 1898, he notified him that he had received a copy of that contract, and would accept it as their contract. Even if such notice was given and made the contract binding on the Boston company, yet it appears from the undisputed evidence that by the express terms of the contract, as quoted above, the same became null and void by the failure of the defendant to purchase fifty scales each month during the year. The defendant sought to avoid the force of that clause of the contract by attempting to swear that it was modified by parol in the conversation mentioned; but the court excluded such parol evidence on the ground that the defendant, having alleged the written contract and its performance, could not be allowed to prove a modification of such contract by parol. But, even if the defendant has a valid claim for damages against the Boston company for such breach of contract, yet it could not be available as a setoff or counterclaim in this action.

*By the Court.*— The judgment of the circuit court is affirmed.