DUVAL and another, Appellants, vs. AMERICAN TELEPHONE & TELEGRAPH COMPANY, Respondent.

*February 20—March 11, 1902.*

*Contracts: Pleading: Variance.*

A complaint alleged that on June 7th defendant entered into a contract with plaintiff. The answer admitted the making of a contract on the day named, alleged that the same was in writing, and annexed a copy, which was substantially identical as to the terms with that set forth in the complaint, and alleged full payment. The answer further set up by way of counterclaim the making of the written contract and breaches thereof by plaintiff. The reply admitted that plaintiff, "on or about the 7th day of June," entered into a contract "as set forth in *plaintiff's complaint.*" On the trial plaintiff testified that on June 7th he made the written contract attached to the answer, and then offered testimony tending to show that on the day following an oral agreement was made in modification thereof. *Held,* that the plaintiff by his course of pleading must be held to have intended to notify defendant that he stood on the written contract and no other, and that evidence of a different contract was therefore inadmissible.

APPEAL from a judgment of the superior court of Douglas county: CHAS. SMITH, Judge. *Affirmed.*

The complaint alleged that the defendant, being about to build a telephone line from Superior, Wisconsin, to Minneapolis, Minnesota, on the 7th day of June, 1899, entered into a contract with the plaintiff *Duval,* whereby he agreed to furnish food, supplies, boarding, lodging, and shelter for all the

men and teams that should be employed by the defendant in construction of such line, in consideration of which the defendant promised to pay specified prices per man and team, "and further agreed that the number of men so lodged and boarded should at no time be less than sixty, and the number of teams so fed and sheltered should at no time be less than eight," and alleged performance by the plaintiff and failure by the defendant to supply either all its men and teams to be boarded by the plaintiff, or to supply so many as sixty men and eight teams; claiming due by reason of the deficit below sixty men and eight teams $1,713.33 in excess of payments made, and also claiming damages $2,332 for omission to board certain of its men and teams with the plaintiff. The answer admitted the making of a contract on the day named, alleged that the same was in writing, and annexed a copy, which was substantially identical with the terms as set forth in the complaint, except that it contained no agreement by the defendant to board either all its men and teams, or any number, with the plaintiff; alleged full payment for all men boarded; set up as defense breaches of the contract by the plaintiff in the way of failure to furnish proper accommodations and board, and by way of counterclaim again set up the making of the written contract, the breaches by the plaintiff, and claimed damages by reason of said breaches in the sum of $500.

The reply was in the following words:

"First.   Plaintiffs deny each and every allegation of defendant's counterclaim not hereinafter admitted, qualified, or explained.   Plaintiffs admit that on or about the 7th day of June, 1899, it entered into a contract and agreement with the defendant as set forth in plaintiff's complaint;

"That at the time of making such agreement the defendant was about to construct a telephone line extending from the city of Superior, in Douglas county, Wisconsin, to the city of Minneapolis, in the county of Hennepin, state of Minnesota, in the construction of which it was necessary for the de-

fendant to employ a large number of men and teams until the completion thereof;

"That the plaintiff *Stephen Duval* was to furnish food, lodging, and shelter for the men and teams during the continuance of such work as set forth in plaintiff's complaint, for which he was to receive $5.25 per week for each man and $1.00 per day for each team so boarded, fed, sheltered, and kept, from the defendant."

Upon the trial it was conceded that defendant had paid, at the contract rate, for all men and teams actually boarded and sheltered. The plaintiff *Duval* testified that on the 7th of June he made with the defendant the written contract attached to the answer. He thereupon offered to prove by his own testimony that on the day following an oral agreement was made in modification thereof, whereby was added the promise of the defendant to supply under the contract not less than sixty men and eight teams. This offer the court ruled out on the ground that it was a variance from the contract as alleged by the complaint and reply to the counterclaim, taken together, by which the defendant might have been misled into the understanding that plaintiffs in fact rested on the contract made on the 7th of June. Defendant's attorney filed an affidavit of surprise and absence of preparation to meet the issue of a modification thereof. Thereupon the plaintiffs rested, and judgment of nonsuit was entered, from which they bring this appeal.

For the appellants there was a brief by *J. De La Motte* and *T. M. Thompson,* attorneys, and *L. K. Luse,* of counsel, and oral argument by *Mr. Luse.*

*W. M. Steele,* for the respondent.

DODGE, J.    After careful consideration of the record, we find no reason to disagree with the views of the trial court either as to the construction and effect of the pleadings or to the proper method of protecting the rights of the parties. In the ultimate analysis the purpose of all pleading is to fairly

and intelligibly notify the opposite party of the facts claimed to exist as basis for the pleader's demand. All due liberality is to be accorded sincere attempts to accomplish this purpose as tersely as possible, but when the pleading, either by itself or in connection with other acts, naturally tends not to inform of, but to divert attention from, the real fact relied on, it merits condemnation, not favor, from the courts. We do not assert that a mere allegation of the making of a contract according to a specified legal effect can never be established by proof of a written contract subsequently modified by parol, although, if the pleader has any reason to suppose the latter fact is controverted, he more certainly performs his duty by setting it forth specifically. *Lynch v. Henry,* 75 Wis. 631; *Ninman v. Suhr,* 91 Wis. 392; *Computing S. Co. v. Churchill,* 109 Wis. 303, 307; *Elting v. Dayton,* 17 N. Y. Supp. 849. Neither do we question that often allegation of contracting on one date may be satisfied by proof of a different day. Indeed, we need not even hold that the allegation of the present complaint that a contract to a certain legal effect was made on June 7th might not, if it stood alone, unembarrassed by other circumstances, justify and be satisfied by the proof offered that a different contract was made on that day and modified on the next. However, such allegation would fall so far short of suggesting the fact sought to be proved that slight circumstances would lead to belief in a purpose to delude, either actual or imputed, from the obvious tendency to do so. The allegation in this complaint is ambiguous. It may mean merely to assert the pleader's construction of the contract confessedly made on that day, and therefore present to the mind of the defendant, or it may perhaps mean that such conceded contract was modified by another. If, as defendant contends, and as may be the fact, no modifying contract was afterward made, the allegation would not convey any such suggestion to his mind, nor serve to notify him of the necessity of coming to trial with evidence

to disprove such subsequent transactions. When, however, after defendant has set forth in his counterclaim that the contract in fact made on June 7th was in writing, and in the exact words quoted, and the plaintiff by reply "admitted" that on the day named he entered into a contract "as set forth in the complaint," no inference was reasonable save that the contract intended by the complaint was that attached by copy to the counterclaim. Plaintiff, by reply, could *admit* no other, for the counterclaim alleged none. If he had purposed fairly to notify defendant that he contended for another and different contract, he would have so declared by denial or counter allegation, not by admission. In the light of these considerations, we cannot but agree with the trial court that the plaintiff must be held to have intended to notify defendant that he stood on the written contract, and no other, because the words of his complaint, as construed by the reply, could not reasonably mean anything else. Evidence offered of a different contract was therefore inadmissible. If, at the trial, plaintiff wished to change his position, and thus render necessary other defensive preparation, the court treated him with sufficient favor in permitting such action upon condition of payment of defendant's witness fees.

We find no error.

*By the Court.*—Judgment affirmed.