## KLEPNER v. O. J. LEWIS MERCANTILE CO.

(Circuit Court of Appeals, Second Circuit. January 13, 1908.)

### No. 103.

1. ACTION—NATURE—CONTRACT OR TORT.

A complaint alleged that plaintiff agreed to ship defendant certain furs, which defendant was to accept on consignment and sell in St. Louis as plaintiff's agent; that on the arrival of the furs in St. Louis and delivery of the bill of lading to defendant's New York agent defendant was to advance $1,159.12, which was 50 per cent. of the consigned price, and that defendant was not to sell for less than the invoice prices, aggregating $2,318.25, and that in the event of defendant not being able to obtain such prices within a reasonable time it was to return the furs, and plaintiff was to return the advances; that defendant failed to pay the advance, and failed to sell or purchase any of the furs at the consigned prices and turn over the proceeds to plaintiff, and that nothing had ever been returned to plaintiff, except $450 advanced at the time the goods were sent; wherefore defendant wrongfully and in violation of the contract converted and disposed of the furs to its own use. *Held*, that the complaint was properly regarded as stating a cause of action for breach of contract, and not for conversion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 160–162.]

2. CONTRACTS—ORAL CONTRACT—SUBSEQUENT RECEIPT—EFFECT—VARIANCE.

Plaintiff alleged that she agreed to ship certain furs from New York to defendant for sale at not less than invoice prices, and in case defendant was not able to obtain such prices within a reasonable time it was to return the furs, whereupon plaintiff was to return an advancement equal to 50 per cent. of the invoice price of the goods, which defendant agreed, but failed, to make; that defendant, in violation of the contract, sold the goods for much less than the invoice prices. Plaintiff's agent and his bookkeeper testified that, several days prior to the execution of a receipt for a payment of the advances defendant agreed to make, plaintiff's and defendant's agents agreed to the terms of the consignment as alleged, and that on the day succeeding that on which the furs were shipped plaintiff signed a receipt to defendant for $200 advances, reciting that the merchandise was consigned to defendant for sale at auction or private sale without limit, and, in case the net proceeds of the sales should fall short of the sum advanced and commission and charges, plaintiff agreed to pay the deficiency. *Held* that, if plaintiff's testimony was believed, the receipt did not constitute a modification of the prior oral contract, and did not, therefore, constitute a variance from the contract alleged as a matter of law.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment in favor of the defendant in error, who was defendant below. The judgment was entered upon a verdict directed by the court.

Edward A. Alexander and Jerome Buck, for plaintiff in error.

Herbert H. Gibbs (A. Delos Kneeland, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The controversy arises out of certain transactions between the parties touching the shipment of a lot of furs belonging to plaintiff in New York to defendant in St. Louis. The goods were received by defendant and subsequently sold by it for a sum less than the invoice price; it being the contention of plaintiff that the parties had agreed that the goods should not be sold at less than invoice price, and that in the event of failure to obtain such price they should be re-turned. There was oral testimony as to the negotiations between representatives of the respective parties, and various documents, receipts, etc., were put in evidence. At the close of plaintiff's case defendant moved to dismiss the complaint by reason of an absolute failure of complainant to prove the cause of action alleged in the complaint, contending that the complaint charged conversion of the goods, whereas the undisputed proof showed that the goods were sent to St. Louis consigned to defendant for sale, and that therefore the selling of them could not constitute conversion, and that if they were sold for a less price than had been agreed there would be only a breach of contract. The trial judge apparently ignored the point made, and treated the case as if it were an action for breach of contract, directing a verdict in favor of defendant on the ground that the proof showed the contract to be for a sale of the goods without restriction of the price.

The complaint is inartificially drawn; but it is fairly susceptible of the construction put upon it at the trial. The pleader concludes with an averment that "the defendant wrongfully and in violation of its said contract converted and disposed of said furs so intrusted to it to its own use." The fair and reasonable value of the furs is alleged to be $3,000, and damages are claimed for that sum, less $450 paid in advance. Examination of the preceding paragraphs, however, shows that the facts set forth do not sustain a charge of conversion, although they make out a cause of action for breach of contract. The case is quite similar to Conaughty v. Nichols, 42 N. Y. 83. Briefly stated, the allegations of fact are that on July 9, 1901, the parties made an agreement whereby plaintiff was to ship to defendant certain furs, which defendant was to accept on a consignment and sell in St. Louis as agent for the plaintiff; that as soon as the said furs arrived at the office of defendant in St. Louis and bill of lading was delivered to defendant's New York agent (Hall), defendant would advance $1,159.12, said sum being 50 per cent. of the consigned price of the goods; that it was mutually agreed that defendant should not sell or offer for sale said furs for less than the prices named in the invoice (aggregating $2,318.25), and that, in the event of defendant not being able to obtain the stipulated prices within a reasonable time, it would not sell the same, but return them to

plaintiff, who would thereupon return the advances; and that defendant should have an option itself to purchase the goods at the prices named. It is further alleged that defendant failed to pay and advance the said sum of $1,159.12, and failed to sell or purchase any of the said furs at the consigned prices and turn over to the plaintiff the money therefor, that demand was made for the "consigned prices" or the furs, and that nothing has been returned, except $450 advanced about the time the goods were sent.

Defendant's motion being made and granted at the close of plaintiff's case, no testimony on its behalf was taken, and we have only the plaintiff's side of the story. The trial judge disposed of the case on the strength of a receipt, which was put in evidence and which reads as follows:

"New York, July 18, 1901.

"Received of O. J. Lewis Mercantile Co. two hundred dollars, the same being advanced on merchandise belonging to the undersigned and consigned to O. J. Lewis Mercantile Co., for auction or private sale without limit, and in case the net proceeds of the sales of said merchandise shall fall short of the sum advanced and the commission and charges on the same I hereby agree to pay them such deficiency on demand.

"$200.                                   A. Klepner."

It was held that the payment on account on that day, coupled with delivery of bill of lading and the signing of this instrument, constituted a written contract between the parties, which manifestly is very different from that alleged in the complaint. We are of the opinion, however, in view of the other testimony in the case, that there was sufficient evidence to entitle the plaintiff to go to the jury on the question as to whether or not there was a contract for the sale of these furs entered into and in part executed before the date when this payment of $200 was made and receipt signed. The plaintiff's agent undertook to explain the receipt by stating that he did not know how to read English, which, as the trial judge said, was immaterial; but he and his bookkeeper both swore that, several days before July 18th, plaintiff's and defendant's agents agreed to the terms of sale on consignment set out in the complaint, and that on July 17th the furs were shipped to defendant. If the jury credited this testimony, the contract thus entered into would not be modified by the recital in the receipt that its terms were different. What might have been the condition of the case if evidence on behalf of defendant had been put in we cannot say; but as it stood when plaintiff rested there was not such failure to prove the contract declared upon as would warrant a dismissal of the complaint.

The judgment is reversed, and cause remanded for a new trial.