## H. F. ADICKES v. PAUL CHATHAM.

(Filed 16 December, 1914.)

1. Contracts, Written—Breach—Damages—Later Contract—Collateral Parol Agreement—Pleadings—Court's Discretion—Amendments—Issues.

In an action to recover damages for a breach of a written contract for the sale of shares of the capital stock in a certain corporation, the defendant contended that this contract was superseded by a later one which the plaintiff admitted executing, but attempted to show by his evidence a

separate agreement by parol that he could hold the defendant under the terms of the first contract if the defendant did not "treat him right" under the later one. This phase of the matter not having been alleged, the plaintiff asked leave of the trial court to amend the complaint, which was refused. *Held*, the matter of amending pleadings lies within the discretion of the trial judge, and is not reviewable on appeal. *Semble*, the alleged contemporary parol agreement was too uncertain to be made available, and it is *Further held*, the amendment, had it been allowed, would have necessitated trying the case on the later contract, introducing new issues of which the defendant had no notice.

2. **Contracts—Breach—Damages—Second Contract—Amendments—Courts—Discretion—Nonsuit.**

Where upon a trial for damages for a breach of a written contract it is admitted that the contract sued on had been superseded by another and different one, requiring answers to issues not raised by the pleadings, and a requested amendment to the complaint has been refused by the trial judge, a judgment of nonsuit is properly allowed.

3. **Contracts—Breach—Damages—Second Contract—Nonsuit.**

The plaintiff sued for damages on breach of contract for the sale of certificates of capital stock in a corporation held by D., by the terms of which the plaintiff and defendant would have practically been created partners in equal interest with D., who was not a party to the contract. D. refused to perform the contract and failed to furnish the stock. The plaintiff afterwards acquired the stock and entered into a new contract with the defendant. This action is upon the first contract, and it is held that it would not lie, for the later contract necessarily superseded and put an end to it.

APPEAL by plaintiff from *Cline, J.*, at August Term, 1914, of BUN-COMBE.

Civil action. From a judgment of nonsuit the plaintiff appeals.

*Bourne, Parker & Morrison, R. B. Longham for plaintiff.*
*Cameron Morrison, J. H. McLain for defendant.*

BROWN, J. This action is brought to recover damages of defendant for breach of a written contract, entered into between the plaintiff and the defendant, dated 1 April, 1907, for the purpose of selling shares of the capital stock of the L. D. Johns Company, a corporation chartered in New Jersey.

The defendant answered, denying many allegations of the complaint, and further alleged that on 2 February, 1911, the plaintiff and defendant entered into a new contract in writing, attached to the answer as Exhibit B, which superseded the first contract, and was in complete adjustment of all differences between the parties.

On the trial the plaintiff, upon examination, admitted the execution of the second contract, and sought to show by his own evidence that at

the time of its execution there was a separate parol agreement that plaintiff took the new contract only upon condition, to quote from plaintiff, "that he (the defendant) would carry it out satisfactorily, and if he would treat me right, then I would not claim my rights under the old one; but if he did not treat me right, I would hold him under the old contract."

The defendant objected to this evidence upon the ground that such contemporaneous parol agreement is not set up in the pleadings, and no such issue raised. To meet this objection, the plaintiff moved to amend the complaint so as to set up the alleged separate parol agreement, viz.: "That if the defendant treated him right and performed his part of the contract, then the plaintiff was not to press his claims under the old contract." His Honor, in his discretion, declined to allow the amendment. The plaintiff excepted.

The value of the amendment, had it been allowed, is very doubtful, as the alleged contemporary parol agreement is too indefinite and uncertain; but, in any event, the amendment would have necessitated trying the case under the second contract of 2 February, 1911, to ascertain if the defendant "had treated the plaintiff right" under that contract. This would have introduced during the trial new issues not raised by the pleadings and of which the defendant had no notice. *Carpenter v. Huffstetler,* 87 N. C., 273; *Grant v. Burgwyn,* 88 N. C., 95.

The allowance of the amendment was in the sound discretion of the judge below, and his action in refusing it is not reviewable. *Knott v. Taylor,* 96 N. C., 553.

The plaintiff might have pleaded this new matter, as to the contemporaneous agreement, by replication, but did not do so, and the refusal of the judge to allow the amendment to the complaint leaves no such issue raised by the pleadings. It being then admitted that the new contract superseded the old one sued on, the plaintiff was properly nonsuited.

There is another reason why the plaintiff cannot recover on the contract of 1907. Section 7 thereof conveys and assigns to the plaintiff one-half of all of the defendant's interest in a contract with John L. Dodge, which made a part of the contract sued on. That section practically created the plaintiff and defendant copartners in equal interest in the contract with Dodge. It appears that Dodge owned the 48,525 shares of the stock of the Johns Company, the sale of which was the subject-matter of the contract of 1907 between the plaintiff and the defendant. Dodge refused to perform his contract and failed to furnish the stock. That put an end to the selling agency created by the agreement between the plaintiff and the defendant.

Afterwards plaintiff became the owner of that stock in the Johns Company, and, as such owner, entered into the contract with the defendant of 2 February, 1911, which necessarily superseded the contract sued on.

The judgment of nonsuit is

Affirmed.