**SNOW v. PRINCE et al. (No. 1010–5193.)**

Commission of Appeals of Texas, Section B.
Feb. 13, 1929.

Bryan, Colgin, Suhr & Bering, of Houston, and A. E. Masterson, of Angleton, for plaintiff in error.

Fouts, Amerman, Patterson & Moore, of Houston, for defendants in error.

LEDDY, J. Plaintiff in error brought this suit against defendants in error to recover the sum of $3,000, which he alleges defendants in error contracted to pay him for his services in obtaining the signatures of Charles Williams and wife, Minnie Williams, Thomas Rhodes, and Lee Rhodes, to a deed to the defendants in error to one and one-half acres of land in the West Columbia oil field in Brazoria county, Tex. It was averred that he fully complied with such contract and obtained the signatures of said parties to a deed to said land, and that by reason thereof the defendants in error were indebted to him in the sum of $3,000.

Upon the trial of the case plaintiff in error attempted to prove the cause of action alleged in his petition by offering in evidence the following instrument:

"In consideration for the amount of one hundred dollars in cash paid by parties of the first part, receipt of which is hereby acknowledged, Minnie Williams and husband, Charles Williams, Thomas Rhodes and Lee Rhodes, this agreement is made as follows:

"(1) We, the undersigned, parties of the first part, have sold and conveyed one tract of land consisting of 1½ acres, more or less, described as Rhodes tract in West Columbia, Texas, adjoining Colored Cemetery on the east, flag pond on the west, and Chas. Brown on the north to H. Price, A. Feldman and H. Brown, of Houston, Tex. Parties of the second part, for the consideration of Fifteen Hundred Dollars.

"(2) The parties of the first part guarantee to parties of the second part that the above mentioned and described tract is free of any incumbrance or other claims.

"(3) The parties of the first part agree to accept One Thousand Dollars as a deposit on the bargain, balance of fourteen thousand dollars to be paid on Monday, April 7, 1919, on passing good title to parties of the second part. There are no oil leases on said land.

"Minnie Williams.
"Charley Williams.
"Thomas Rhodes.
"Lee Rhodes."

This instrument was duly acknowledged by each of the grantors named therein.

Defendants in error objected to the introduction of such instrument on the ground that there was a fatal variance between the allegations of plaintiff in error's petition wherein he claimed that he was to be paid for procuring the signatures of said parties to a deed, and the instrument sought to be offered in evidence, in that such instrument was not a deed, but a mere option, earnest receipt, or contract for conveyance. The trial court sustained defendants in error's objection to the admission of this document, and no legal evidence being offered to sustain the allegations of the petition, a peremptory instruction was given and a verdict and judgment rendered in favor of defendants in error.

The court permitted plaintiff in error, for the purposes of the bill of exception retained to the exclusion of the instrument offered, to develop considerable proof, all of which appeared not in the statement of facts, but in the bill of exceptions taken to the exclusion of said evidence. The effect of this evidence is to show that the document offered in evidence was the instrument to which the defendants in error desired to obtain the signatures of the parties in question, and that, when such signatures were obtained, the same was duly accepted, and that the defendants in error thereupon offered to pay plaintiff in error for his services the sum of $750 in cash, and $2,250 stock in an oil corporation which was formed to drill a well on the land attempted to be conveyed by the foregoing instrument, but that such offer was refused by plaintiff in error.

Plaintiff in error asserts that as he procured the signatures to the only instrument he was asked to obtain, and the same was accepted by defendants in error, he is entitled to receive the amount agreed to be paid for his services. We think this would be true if he had sought to recover such sum under proper pleadings, but the difficulty which confronts him is that he has alleged one contract and attempts to recover by showing performance, not of the contract alleged, but of an entirely different one. The plaintiff in error's petition alleged, without any explanation whatever, that it was agreed

he was to be paid the sum of $3,000 for procuring the signatures of certain persons to a deed to certain premises, and that in pursuance of such contract he did procure the signatures of said parties to such deed. Under this allegation, plaintiff in error is not entitled to recover unless it was shown that he had in fact procured the signatures of the desired parties to a deed to said land.

We think it is clear that the instrument offered in evidence is not a deed. The preliminary part of the agreement recites that the parties have entered into an "agreement." It is true language is used in the instrument which declares that the grantors have "sold and conveyed" the land described, but it recites that the instrument is executed in consideration of $100 cash, and it is later recited in the instrument that the grantees agree to accept $1,000 *as a deposit on the bargain,* balance of fourteen thousand dollars to be paid on Monday, April 7, 1919, *on passing good title to parties of the second part.*" The instrument contains no habendum clause. The use of the words "sold and conveyed" are presumptively words of conveyance. It is universally established, however, that even though an instrument use such words, if, considering same as a whole, it reasonably appears that the parties contemplate a subsequent deed of conveyance, the contract will be construed as executory and not as a deed. The rule, which we think applicable to this case, is declared by the Supreme Court of the United States in Williams v. Paine, 169 U. S. 55, 18 S. Ct. 279, 42 L. Ed. 658, in which it was announced: "We agree generally that although there are words of conveyance in præsenti in a contract for the purchase and sale of lands, still, if from the whole instrument it is manifest that further conveyances were contemplated by the parties, it will be considered an agreement to convey and not a conveyance. The whole question is one of intention to be gathered from the instrument itself."

In an extended note in the case of Chapman v. Glassell, 48 Am. Dec. 45, the general rule on the subject is stated to be: "Words of present grant or present assurance, such as 'have granted, bargained, sold, aliened, enfeoffed, released, and confirmed,' and words of like import, afford a presumption that an executed conveyance was intended, and that the title passed. But that presumption is not conclusive. Instruments containing these words are to be construed and interpreted the same as other instruments, and the presumption arising from the words themselves may be overcome by the presence in the instrument of other words which contemplate a future conveyance."

In Jackson v. Myers, 3 Johns. (N. Y.) 390, 3 Am. Dec. 504, the same rule is declared as follows: "Though a deed may in one part use the formal and apt words of conveyance, yet if, from other parts of the instrument taken

and compared together, it appears that a mere agreement for a conveyance was all that was intended, the intent shall prevail."

Construing the instrument excluded by the court as a whole, it becomes apparent that it is not a deed of conveyance, in that, it was contemplated, under the plain terms of the instrument, that no title was to pass thereby, but that later the consideration should be paid and proper deed of conveyance executed and delivered. Recital in the third paragraph of the instrument that the defendants in error agreed to pay $14,000 four days after the execution of the instrument "on passing good title to parties of the second part" is meaningless, unless it refers to a deed to be executed at that time.

Assuming the correctness of the proposition that the above instrument is not a deed, plaintiff in error is in the position of having declared on a definite and specific contract, and his evidence discloses that such contract has been superseded or materially modified by a subsequent agreement, under which he seeks to recover. That he will not be permitted to do this is well established by the authorities. In 13 C. J., the rule on the subject is declared as follows: "If plaintiff declares on a contract as originally made and his evidence reveals that the original contract has been superseded or materially modified by a valid subsequent agreement, the variance will be fatal to a recovery." The following authorities are cited as sustaining the text, while none are cited announcing a contrary doctrine: Klepner v. O. J. Lewis Mercantile Co., 159 F. 94, 86 C. C. A. 284; Prestwood v. Eldridge, 119 Ala. 72, 24 So. 729; Nesbitt v. McGehee, 26 Ala. 748; Pioneer Savings & Loan Co. v. Kasper, 7 Kan. App. 813, 52 P. 623; J. L. Mott Iron Works v. Renaud, 8 Orleans App. (La.) 144; Kribs v. Jones, 44 Md. 396; McCormick v. Obanion, 168 Mo. App. 606, 153 S. W. 267; Harrison v. Kansas City, C. & S. R. Co., 50 Mo. App. 332; Laclede Constr. Co. v. Tudor Iron Works, 169 Mo. 137, 69 S. W. 384; Miles v. Roberts, 34 N. H. 245; Tumbridge v. Read, 51 Hun, 644, 3 N. Y. S. 908; Hassard-Short v. Hardison, 117 N. C. 60, 23 S. E. 96; Adickes v. Chatham, 167 N. C. 681, 83 S. E. 748; Gossett v. Vaughan (Tex. Civ. App.) 173 S. W. 933; Duval v. American Telephone, etc., Co., 113 Wis. 504, 89 N. W. 482; Ninman v. Suhr, 91 Wis. 392, 64 N. W. 1035; Newell v. National Adv. Co., 39 Colo. 295, 89 P. 792; Bridgeport Hardware Mfg. Corp. v. Bouniol, 89 Conn. 254, 93 A. 674.

If plaintiff in error had pleaded the instrument which he sought to offer in evidence as being the document for which the agreement was made to pay him the $3,000 to obtain the desired signatures, then his proof would sustain the allegations thus made, or if it had been pleaded by him that he made a contract to obtain these signatures to a deed, but that subsequently the parties agreed to and did

accept the execution of the instrument in question, as being in satisfaction of the contract, and waived the performance to the extent of requiring a deed, he would have been entitled to recover.

■ Plaintiff in error insists that, inasmuch as the element of surprise is lacking, the variance is immaterial. It is not a question of whether or not defendants in error were surprised at the offering of the evidence which was excluded. The question is the fundamental one that a party cannot plead one contract and recover on an entirely different one without alleging waiver, ratification, or estoppel. Plaintiff in error having alleged that he was employed to procure certain signatures to a deed, in order to sustain such allegation, must offer proof showing that he did in fact procure the signatures of the desired parties to a deed of conveyance to the property involved, and such cause of action is not made by offering in evidence an executed option to purchase or a mere contract to convey.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.