(74 App. Div. 35.)

### ECCARDT v. EISENHAUER.

(Supreme Court, Appellate Division, Second Department. June 13, 1902.)

CONTRACT—PLEADING—FRAUD.

    An answer in an action for damages for nonperformance of a contract for sale or exchange of property which admitted the execution of the contract, and alleged that all negotiations in reference to the matter were had with a certain person, who represented plaintiff, and that it was ascertained before consummation that the representations by such person were false, and made with the design to cheat the defendant, but did not allege that defendant was deceived, or that the contract was procured by fraud, was demurrable.[1]

Appeal from special term, Kings county.

Action by Catherine Eccardt against John Eisenhauer. From an interlocutory judgment overruling plaintiff's demurrer to defendant's separate defense, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John L. Bernstein, for appellant.
N. S. Levy, for respondent.

WOODWARD, J. The plaintiff in this action seeks to recover damages for the nonperformance on the part of the defendant of 'a written contract for the purchase or exchange of certain real estate in the borough of Manhattan. The complaint sets forth the contract and a supplemental contract; alleges that he was ready to perform at the times mentioned in the contracts, and that the defendant failed to perform his part of the agreement, to the damage of the plaintiff. The answer admits the making of the contracts, alleges a lack of information sufficient to form a belief as to the readiness and ability of the plaintiff to give a good title, and denies that the plaintiff has incurred expense in the matter as alleged in the complaint. The answer then sets up the following paragraph as a separate defense:

"Fourth. And for a separate and distinct defense, this defendant alleges that all negotiations in reference to the subject-matter at issue were had between one John H. Hehr, who represented himself as a minister of the gospel, and upon inquiry, and before the consummation of the agreement, it was ascertained by defendant that said Hehr represented the plaintiff, and it was further ascertained that the representations made by said Hehr on behalf of plaintiff were false and untrue, and made with the design and fraudulent intent to cheat and defraud defendant; that the property in question, as represented by plaintiff, was not of the value as represented;

---

[1] See Contracts, vol. 11, Cent. Dig. § 1692.

and that all representations as made by and on behalf of plaintiff were false and untrue, and made with a deliberate design and intent of swindling defendant."

The plaintiff demurred to this separate defense upon the ground that it is insufficient in law upon the face thereof, and from the interlocutory judgment overruling the demurrer the plaintiff appeals to this court.

The action is for the damages alleged to have been sustained by reason of the nonperformance of the contract set forth in the complaint, the making and execution of which, as well as the making and executing of the supplemental agreement, are admitted by the answer, without any suggestion that these contracts were procured through fraud, deception, or duress; and the question of law presented is whether the facts set forth in the above-quoted paragraph are sufficient to constitute a defense. The allegation of the pleading is not that the contracts are tainted with fraud, but that "all negotiations in reference to the subject-matter at issue were had between one John H. Hehr," and that "upon inquiry, and before the consummation of the agreement, it was ascertained by the defendant that said Hehr represented the plaintiff, and it was further ascertained that the representations made　*　*　*　were false and untrue, and made with the design and fraudulent intent to cheat and defraud," etc. There is no averment that the defendant was in fact deceived. If the paragraph is read literally, it averred that the defendant, before the agreement was consummated, discovered these alleged fraudulent purposes; and, given its best interpretation, it fails to allege facts which are sufficient to defeat the plaintiff's cause of action. It is necessary to present an issue of fraud that the plaintiff should have made the representations knowing them to be false, and that the defendant should have relied upon such statements, and that he should have been in fact deceived to his disadvantage. It is also necessary to state the facts from which the inference of fraud may be deduced, and not the mere conclusions of the pleader. So far as the defendant's answer is concerned, it admits the making of the contracts and their nonperformance. He does not allege that such contracts were secured through fraud, nor does he state any facts from which it may be inferred that he was laboring under any misapprehension for which the plaintiff was responsible at the time of entering into the agreements. The fact that plaintiff's agent may have misstated facts for the purpose of defrauding the defendant, with reference to "the subject-matter at issue," is of no importance, if the defendant was not deceived by such misstatements; and, so far as his answer throws any light upon the subject, the contracts were entered into deliberately, and without any elements of fraud surrounding their execution and delivery. It is necessary for a party seeking to recover or offset damages on the ground of fraud to allege and prove the making of false representations with knowledge of their falsity, by which he was deceived, and upon which he relied, and in consequence of which he sustained damages (Kingsland v. Haines, 62 App. Div. 146, 148, 70 N. Y. Supp. 873, and authorities there cited); and, because defendant's answer does not comply with these requirements, the interlocutory judgment should be reversed.

The interlocutory judgment appealed from should be reversed, and the demurrer sustained.

Interlocutory judgment reversed, and judgment directed for the plaintiff upon demurrer to the fourth separate defense, with costs. All concur.