Jack Stanislaw, J.
Plaintiff and defendants Shea entered into an agreement whereby the former agreed to act for the latter in obtaining a mortgage commitment in the sum of $22,000. The agreed gross fee of $2,000 would be earned upon issuance of the commitment and payable at the mortgage closing. If the closing was delayed or the commitment cancelled due to defendants’ willful fault then the fee would become immediately due. The agreement itself is dated May 24, 1963. In transmitting this executed contract to plaintiff, Shea indicated that he was taking care of the preparation of a survey of the property, but noted his reliance upon plaintiff for an indication as to the guarantee on it. The cost of this survey, incidentally, was specifically excluded from the coverage of the gross fee payable to plaintiff.
On July 2, 1963 a commitment was forwarded to defendants subject only to closing requirements, satisfactory title report, fire insurance and survey. This document was signed by defend *267 ants, accepting same and authorizing the issuer to order a title search and survey. Finally, on August 28,1963 defendants, wrote plaintiff canceling the commitment, with the explanation that an unreasonable length of time had passed between the initial communications between the parties and a closing date for the mortgage. This letter, in passing, also notes plaintiff’s receiving a telephone call the same day (Aug. 28) requesting that same survey. As a result of the cancellation plaintiff brought its action to recover the agreed commission, and now moves for summary judgment. In opposition, defendants submit that the contract was conditioned upon plaintiff’s actually producing a commitment within 10 days to 2 weeks, and plaintiff having failed to so perform the cancellation of the agreement is effective to defeat the action based upon it.
In essence, defendants are alleging a parol variation of the terms of the contract so as to make it subject to a condition. That variation is, of course, as to the time of performance. However, it has been stated that “ The legal presumption that a contract silent as to the time of performances is to be performed within a reasonable time cannot be varied by oral testimony tending to fix a definite time, because this would vary the contract ” (Richardson, Evidence [8th ed.], § 581; Morowsky v. Rohrig, 4 Misc 167). (And any subsequent agreement to so modify this contract requires a writing: Real Property Law, § 279.) The agreement itself shows nothing by way of specific provision making time of the essence thereof.
Defendants’ actions, in retrospect, do not add to the substance of their contentions. The contract is dated May 24, and it is admitted that defendants entered into a contract for the sale of the premises to be mortgaged on June 18, 1963. Shea says plaintiff knew of this contract to sell and yet he goes on to add that at about that same time he continued to encourage plaintiff to obtain the mortgage. Defendant then proceeds to admit that this occurred after the contract date and before July 2, 1963, the commitment date. Therefore, in this span of time of approximately two weelcs (between June 18 and July 2, 1963) Shea acknowledges his “ direction to him [plaintiff’s principal] to continue, again conditioned upon his representation that if a commitment were to issue * * * the mortgage would immediately close. ‘ Immediately ’ was understood to mean a 10 day or two week period just as before.” Thus, sometime after June 18, 1963 the plaintiff produced a commitment, dated July 2, which defendants accepted. Elsewhere in their papers defendants state that this 10-day-to-2-week period is the time they understood they were agreeing to allow plaintiff to obtain *268 the .commitment, the mortgage itself to close “shortly thereafter”. Then there is the argument that the same period of time applied to the closing of the mortgage. So we arrive at a double time limit to be attached to contract, both of the same length, one as to getting a commitment and the other as to the closing thereof.
Apparently there is no objection to the commitment date. The paper was signed to indicate defendant’s acceptance. The.remaining issue resolves itself into a consideration of the purported limit placed upon the time of mortgage closing, which obviously never followed within two weeks or at any other time. This raises a further question as to the nature of the delay and its causes. It seems that plaintiff waited for defendants to supply the survey they had referred to at the outset {supra, letter of May 28), whereas defendants had authorized a third party to order it (supra, acceptance of July 2). It might be that this misunderstanding excuses the failure of closing. On the.other hand, defendants might be considered to have caused the ■ confusion in shifting their position when a little simple action:on either side could have produced satisfactory speed and results.
■This confusion is of the greatest importance here. Accepting,as the court has, the already satisfactory commitment obtained by plaintiff even within the alleged time limit, the plaintiff’s fee by the terms of the agreement was then earned. To attach a further condition to the payment of this earned fee, based upon another time limit, would be far beyond any reasonable contemplation of the instrument. (Corbin, Contracts, vol. 3, § 589 et seq.; vol. 3A, § 713 et seq.) The commission is payable at closing or on cancellation due to the borrower’s willful fault, without regard to when that closing was supposed to take place. But, if that closing did not take place by reason of a third-party’s failure to get the survey and search authorized, which action would serve to remove the conditions of the commitment, then defendants cannot be said to have willfully cancelled it almost two months later. The reverse side of this query is whether defendants themselves had that survey and withheld it so as to prevent (willfully) the mortgage closing. This is the factual issue it seems which necessitates a trial and the denial of plaintiff’s motion. Settle order.